LAMB *et al* v. YOUNG *et al.* (BRANNON, *Intervener.*)

No. 127.    Opinion Filed September 14, 1909.

(104 Pac. 335.)

**APPEAL AND ERROR—Record—Motion to Discharge Attachment.** A motion to discharge property from an attachment is not part of the record, unless made so by bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from District Court, Custer County; James R. Tolbert, Judge.*

Action by C. H. Lamb and another against P. K. Young and another, in which action W. I. Brannon intervened. An attachment was issued and levied upon lots, and, the same having been discharged, plaintiffs bring error. Writ of error dismissed.

*Andrew J. Welch,* for plaintiffs in error.

*Geo. T. Webster,* for defendants in error.

KANE, C. J.   This was an action, commenced by the plaintiffs in error, plaintiffs below, against P. K. Young and Flora Young, as defendants, in the district court of Custer county; the plaintiffs alleging, in substance, that the defendants were indebted to them in the sum of $50 on account of a commission due them for the sale of real estate.   An attachment was issued and levied upon lots 25 and 26, in block 66, in the town of Clinton, in said county, and service of summons was sought to be procured upon the defendants by publication.   After the attachment was levied the defendant in error, W. I. Brannon, intervened and set up ownership of the lots, and filed a motion to discharge the same from the attachment levied upon them in the suit against the Youngs.   The court below sustained the motion to discharge the lots from the attachment, and the case was brought here by the plaintiffs upon a certified transcript of the record, without making the motion to discharge the attachment a part thereof by bill of exceptions or case-made.

It has been held by this court many times that motions to discharge attachments and proceedings of that kind are not part of the record, unless made so by bill of exceptions or case-made. As the action of the court below in sustaining the motion to discharge is the only error assigned, the certified transcript of the record is not sufficient to present it to this court for review.

The appeal is accordingly dismissed.

All the Justices concur.