# TRIBAL DEVELOPMENT CO. *et al.* v. WHITE BROS. *et al.*

### No. 1435.   Opinion Filed March 21, 1911.

#### (114 Pac. 736.)

1. **APPEAL AND ERROR—Record—Motions Presented in Trial Court.** Motions presented in the trial court, including a motion for a new trial and the ruling thereon and exceptions taken are not a part of the record proper, and can be preserved and presented for review on appeal only by incorporating the same into a bill of exceptions or case-made.

2. **APPEAL AND ERROR—Record Proper.** Under the uniform ruling in this jurisdiction, the record proper is made up of the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, and judgments, and an error appearing upon the face thereof may be raised for the first time in this court on a transcript thereof accompanied by a petition in error duly presenting the same.

3. **APPEAL AND ERROR—Reservation of Grounds of Review.** While the trial court may under a motion for a new trial duly filed to the report of a referee examine the evidence for the purpose of correcting errors occurring on the trial, this court may not do so unless the motion for new trial and the ruling thereon is brought into the record either by bill of exceptions or case-made.

4. **APPEAL AND ERROR—Review—Presumptions.** Where it appears from the record that a referee was appointed and made his report with his findings of fact and conclusions of law and the trial court has rendered judgment thereon, but the order making the appointment is not in the record, this court, on appeal for the purpose of sustaining the judgment entered, will presume the order of reference to be in all respects sufficient to support the judgment.

5. **REFERENCE—Conclusions of Law By Referee—Effect.** The conclusions of law made by a referee on his findings of fact are in no particular binding upon the trial court, and they may be set aside or modified to any extent without a re-reference of the case or report to the referee.

6. **REFERENCE—Report and Findings—Correction—Authority of Court.** The authority of a court to correct the findings of fact made by a referee, where the evidence is before it, is confined to those cases where the court may do so either under a stipulation by the parties or where, under section 5811, Comp. Laws

of Oklahoma, 1909, it may direct a reference without the consent of the parties and to equitable actions where the parties have consented to the reference.

(Syllabus by the Court.)

On rehearing. Former opinion set aside and motion to dis miss writ of error denied.

DUNN, J. In the above-entitled cause an opinion was delivered by this court September 21, 1910, sustaining a motion to dismiss the proceeding in error. 111 Pac. 195. The case has again been brought to our attention on a motion for rehearing. The case was submitted to a referee for trial, and the evidence taken before him was brought into the record by a bill of exceptons and the report duly filed. On the coming in of the report, the court considered the same and amended the findings of fact in some particulars and affirmed them in others, and rendered judgment thereon. Thereafter, and in due time, the case was lodged in this court on a transcript of the record with a petition in error. Among the papers there appears a number of motions and orders made thereon, in which is a motion for a new trial purporting to have been filed by the plaintiff in error. This court held that the assignments in the petition in error were such that the errors complained of could only be raised by a motion for a new trial duly passed on, and it, with the order made, brought into the record either by bill of exceptions or case-made; that, this not having been done, the errors assigned were not subject to review by this court. Counsel in their petition for rehearing urge that the motion for new trial is a part of the record proper, and that it is unnecessary to prepare a bill of exceptions to preserve the same with the order made thereon in the appeal record in order that this court might acquire jurisdiction to consider errors occurring on the trial. Under the uniform holding of the territorial Supreme Court, which has been followed by this court, this claim cannot be sustained.

Section 4308, Statutes of 1893 (section 5939, Compiled Laws of Oklahoma 1909), provides:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court," etc.

Under this statute, it has been held that motions and orders thereon are not part of the record proper, and can be made part of the appeal record only by bill of exceptions or case-made, the ruling being stated in the case of *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478, as follows:

· "Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper, can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embacing them in the transcript."

To the same effect, see *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *McCarty v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Green et al. v. Incorporated Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *Davis v. Lammers et al.,* 23 Okla. 338, 100 Pac. 514; *Lamb et al. v. Young et al.,* 24 Okla. 614, 104 Pac. 335; *Leforce v. Andrews et al.,* 4 Ind. T. 96, 69 S. W. 812. In the case last cited, the United States Court of Appeals for the Indian Territory announced the same rule, and in discussing it said:

"The motion for a new trial is not made a part of the record by a bill of exceptions. If the appellant desired to have the action of the lower court reviewed, the motion for a new trial should have been filed in the court below, and that motion made a part of the record in the case by setting the same out in full in the bill of exceptions. 'The motion for new trial is nec-

essary to enable the trial court to correct such errors growing out of the trial as do not appear on the face of the record proper, as where it is insisted that there is no evidence to support the verdict, or that the verdict is against the law and the evidence, or that the evidence does not authorize the judgment, or that there is an error in the verdict of the jury, or where it is alleged that the court erred in matter of law either in admitting or rejecting evidence or in giving or refusing instructions.' Thompson on Trials, § 2712."

From the foregoing authorities, it is made manifest that as none of the motions filed and the orders made thereon, including the motion for a new trial, have been so preserved, the questions arising thereon are not before us for our consideration. The record before us on the transcript is made up of the pleadings, the report of the referee both on his findings of fact and conclusions of law, and the judgment of the court. Therefore the facts admitted by the pleadings or found in the report of the referee as confirmed by the court, or as found by the court, are for the purposes of our consideration final, and the only question which can be considered by us is, Do they sustain the judgment rendered by the trial court?

Bringing the evidence taken before the referee into the record as a part of the report of the referee, either in obedience to an order of court to that effect or on a bill of exceptions, presents the same for the consideration of the trial court when the findings of fact of the referee are duly challenged in a proper manner and within a proper time. But while such evidence under such a procedure is thereby made subject to the review of the trial court, bringing all the same to this court is a useless formality, unless the motion for a new trial challenging the same in the trial court and the order made thereon is presented to us under a case-made or bill of exceptions. A party may, however, be aggrieved by both the findings of fact and also the conclusions of law drawn therefrom. Therefore, to avail himself of the error which he claims exists in the first, he must within due time file his motion for a new trial. If he neglects to do this, or, which is the same thing

so far as the appeal in this court is concerned, neglects to have the same preserved, he does not thereby waive his right to challenge the correctness of the legal conclusion to which the court arrives on its consideration of the unchallenged facts found, and this may be done without a motion for a new trial, and even without an exception; for, when the case is duly brought to this court on a transcript of the record, the error is then one appearing on the face of the record proper, and this court may review the same upon a proper assignment contained in the petition in error. *Baker v. Hammett et al.*, 23 Okla. 480, 100 Pac. 1114, and cases therein cited.

Counsel's first assignment of error is "that the court erred in not entering judgment according to the finding of the referee; and in overruling motion for judgment *'non obstante.'* " The motion referred to was unnecessary, and has not been brought into the record, and the action of the court thereon is of no consequence, as the judgment of the court on the findings is the thing attacked by this assignment. It appears from the said judgment that the court confirmed the findings of fact of the referee, except in certain minor particulars, and it is contended on the part of counsel for plaintiff in error that the unmodified findings of the referee and those which were confirmed by the court are sufficient upon which to predicate his claim that the court erred in its conclusion of law and the judgment rendered.

It is further contended that the court, on coming to a different conclusion of law than the referee, should have re-referred the cause to the referee with instructions to have the report made accordingly. This claim on the part of counsel cannot be sustained, for the referee's conclusions of law are no more binding upon the trial court than are the conclusions of law and judgment of the trial court binding upon this court. *Burchett v. Hamil*, 5 Okla. 300, 47 Pac. 1053; *Martsolf v. Barnwell*, 15 Kan. 612.

And it is further contended that, on the findings of fact made by the referee being challenged as unsupported by the evi-

dence in whole or in certain particulars, the court was without jurisdiction to examine the evidence and from it make its own findings of fact. Here again in our judgment counsel are in error. The order appointing the referee and the terms thereof are not in the record, and hence not before us for our consideration. In this situation the judgment of the trial court on the matters depending thereon will be presumed to have supporting it essentials necessary to its validity, and if under any reference which could have been made, either under the statute or by agreement of counsel, the trial court would have been permitted to examine the evidence and make its own findings of fact, the elements necessary to support the judgment are presumed in this court to have existed. This rule as applied to orders appointing referees is well stated in the case of *Kent v. Dakota F. & M. Ins. Co.*, 2 S. D. 300, 50 N. W. 85, and reads as follows:

"The party alleging error in this court must be able to establish affirmatively the existence of such error by the record. It is only when the record affirmatively shows error that this court will reverse the judgment. Every presumption is in favor of the correctness of the judgment of a court of general jurisdiction until the contrary is made affirmatively to appear. Under the provisions of section 1, c. 112, Laws 1889, an order of reference should be made by the court or judge, and entered of record; but on appeal to this court, in the absence of evidence in the record showing that such an order was not made, the court will presume, in support of the judgment, that such an order was duly made." The same doctrine has been announced in a number of cases decided by this court, among which may be noted the following: *Logan v. Brown*, 20 Okla. 334, 95 Pac. 441, 20 L. R. A. (N. S.) 298; *Pettis et ux. v. McLain et al.*, 21 Okla. 521, 98 Pac. 927; *Linson v. Spaulding*, 23 Okla. 254, 108 Pac. 747. The statutes of Missouri upon the authority of a court to make a direct or consent reference of cases to referees for trial are substantially the same as those of Oklahoma, and the question raised by counsel is passed on in several Missouri cases. It is held in the case of *Caruth-Byrnes Hdw. Co. v. Wolter*, 91 Mo. 484, 3 S. W. 865, that:

"The right of the court to correct the findings of fact by a referee on the evidence is confined to those cases where the court may, under Revised Statutes, § 3606, direct a reference without the consent of the parties, and to suits in equity, where the parties have consented to the reference."

To the same effect see *State ex rel. v. Hurlstone et al.*, 92 Mo. 327, 5 S. W. 38; *Wentzville Tobacco Co. v. Walker et al.*, 123 Mo. 662, 27 S. W. 639. Of course, where the evidence is not before the court, setting aside the report has the effect of granting a new trial. *Burchett v. Hamil*, 5 Okla. 300, 47 Pac. 1053.

In the foregoing we have discussed the principal questions raised and relied on by counsel.

Finding, as we do, that plaintiff in error may raise the question of the validity of the judgment rendered weighed by the facts disclosed on the face of the record on his petition in error, the motion to dismiss is accordingly denied.

HAYES and KANE, JJ., concur; TURNER, C. J., and WILLIAMS, J., not participating.