## WILLIAMSON et al. v. ADAMS.

No. 3856.   Opinion Filed July 18, 1912.

(125 Pac. 486.)

**APPEAL AND ERROR**—Record—Scope and Extent.   Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made.   The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions.   Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Louisa Adams against J. C. Williamson and Emma Williamson.   From an order confirming a sale under execution, defendants bring error.   Dismissed.

See, also, 31 Okla. 503, 122 Pac. 499.

*Black, Kiskaddon & Toney,* for plaintiffs in error.

*Wright & Blinn,* for defendant in error.

Opinion by BREWER, C.   On August 1, 1911, an execution was issued out of the district court of Oklahoma county in favor of Louisa Adams, as plaintiff, against J. C. Williamson and Emma Williamson, as defendants, which was levied by the sheriff of said county upon certain real estate, and, after notice, sale was had thereon.   On September 8, 1911, the plaintiffs in error, J. C. Williamson and Emma Williamson, filed a motion in the lower court to set aside said sale, and in opposition to the confirmation thereof.   On September 14, 1911, motion for confirmation of the sale was filed.   On October 28, 1911, after

hearing evidence on the motion to set aside the sale, and in opposition to its confirmation, the court overruled same, and entered an order confirming the sale.

There were three grounds stated in the motion to vacate the sale and against its confirmation; but two of them were expressly abandoned in the trial court. The remaining ground depended on oral evidence, and the same was introduced in support thereof. Therefore the only question upon which the views of this court are sought is the decision of the court upon the oral evidence offered at the hearing of the motion.

To accomplish this purpose, this case was originally brought to this court on a case-made, which incorporated such evidence. That appeal was dismissed in an opinion by Williams, J., on March 12, 1912 (31 Okla. 503, 122 Pac. 499), upon the ground that the case-made was not served upon the adverse parties within the time allowed by law.

After dismissal of the case brought here on case-made, the plaintiffs in error, on April 20, 1912, procured a certification by the district clerk to the case-made, previously dismissed, and on the same day filed it here under its present number as a transcript of the record.

On May 3, 1912, a motion to dismiss this appeal was filed, stating a number of reasons therefor, among them the following:

"(4) The attempt to appeal this case is upon transcript, and there is no bill of exceptions, and the evidence shown in the record is the stenographer's notes, which is no part of the record or transcript; and hence there is nothing before the court to be considered."

This position is correct, and the case must be dismissed. The only error complained of being an alleged erroneous judgment of the court upon oral evidence introduced on the trial of the motion, and that evidence not being incorporated into the record by bill of exceptions, or by case-made, there is nothing here for this court to consider. *Tribal Development Co. v. White Bros.,* 28 Okla. 525, 114 Pac. 736; *McCoy v. McCoy,* 27 Okla. 371, 112 Pac. 1040; *School District, etc., v. Vinsant,* 27 Okla. 731, 113 Pac. 714; *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478.

In *Tribal Development Co. v. White Bros., supra,* the court quotes with approval from *Menten v. Shuttee, supra,* as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them in a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

The appeal should therefore be dismissed.

By the Court: It is so ordered.