RICHARDSON *et vir* v. BEIDLEMAN *et al.*

No. 2523.    Opinion Filed September 11, 1912.

(126 Pac. 818.)

1.   **APPEAL AND ERROR**—Case-Made—Settling and Signing—Authority of Ex-Judge. An ex-judge is not authorized by section 6075, Comp. Laws 1909 (section 4445, St. Okla. T. 1893; section 4742, Wilson's Rev. & Ann. St. 1903), to sign and settle a case-made, if, at the expiration of his term of office, the time for making and serving case-made has expired, or no time for signing and settling the case-made has been fixed before his retirement.

   (a)   The amendment of March 9, 1910 (Sess. Laws 1910, c. 39, sec. 1, pp. 59, 60), to section 6075, supra, did not change this rule when the ex-judge, or the judge who tried the cause, was living or not otherwise incapacitated from settling and signing the case-made.

2.   **SAME**—Record—Motion for New Trial. A motion for new trial or a motion to vacate an order is not a part of the record brought up by a transcript.

3.   **SAME**—Time of Taking Appeal. When the action of the lower court is sought to be reviewed by a transcript, the proceeding in error must be commenced in this court within a year (now six months) from the date the judgment order sought to be reviewed is rendered.

4.   **SAME**—Right to Appeal—Fault of Appellant. If parties allow the time provided by law for perfecting a case-made to expire without complying with the requirements essential to have the same signed and settled, they cannot be heard to say that they have been deprived of their right to appeal through no fault on their part.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by Katy Richardson and James Richardson against George C. Beidleman and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

*R. M. Dick, J. L. Newhouse,* and *F. F. Lamb,* for plaintiffs in error.

*Lex V. Deckard, Eaton, Beidleman & Carter,* and *W. W. Wood,* for defendants in error.

WILLIAMS, J. Judgment was rendered in favor of the defendants (defendants in error) on April 2, 1910. On the same day the plaintiffs (plaintiffs in error) filed their motion for new trial. On June 6, 1910, the same was overruled. Thereupon the plaintiffs were allowed 90 days in which to make and serve a case-made, the defendants to have 30 days to suggest amendments, and the case-made to be presented for settlement by either party giving the other ten days' notice. On June 7, 1910, plaintiffs filed a motion to set aside the judgment formerly entered, which was overruled. Motion for new trial upon the motion to set aside the judgment, being filed in due time, was denied on June 28, 1910, on which date plaintiffs were allowed 60 days in which to make and serve a case-made, and defendants twenty days thereafter in which to suggest amendments, the case-made to be presented for settlement by either party giving the other ten days' notice. On July 29, 1910, the time for making and serving case-made in said cause was further extended to October 1, 1910, the defendants having twenty days in which to suggest amendments, the case-made to be settled upon ten days' notice by either party.

In the action in the lower court Katy Richardson and James Richardson were plaintiffs and George C. Beidleman, International Land Company of Muskogee, Okla., R. G. Galloway, A. F. Boone, Alfred F. Boone, Frank F. Lamb, and Albert Anderson, defendants. Before decree, however, the suit was dismissed as to the International Land Company. In the decree the title to certain land was quieted in favor of the plaintiffs, but a lien was adjudged in favor of George C. Beidleman, the said R. G. Galloway, A. F. Boone, Alfred F. Boone, and Frank F. Lamb being therein enjoined from claiming any right, title, interest, or estate in and to said premises by virtue of any deed or conveyance held by them, or either of them. The defendant Albert Anderson was also adjudged to be the owner of an undivided two-thirds interest in and to certain part of said land. This proceeding in error to review said decree is prosecuted by Katy Richardson and James Richardson, as plaintiffs in error, against George C. Beidleman and Albert Anderson, as defendants in error. On

the 9th day of January, 1911, notice by George C. Beidleman and Albert Anderson, as defendants, that the case-made would be presented to Hon. Wade S. Stanfield, at his chambers in the city of Okmulgee, Okla., for settlement, on the 20th day of January, 1911, or as soon thereafter as counsel could be heard, for settlement, was accepted by Frank F. Lamb, attorney for plaintiffs. Subsequent to January 9, 1911, the date on which the term of Hon. W. L. Barnum, judge of said district, expired, a ten days' notice of the time and place on which the said case-made in said cause would be presented to him for signing and settlement was given by plaintiffs. At said time, to wit, March 30, 1911, the case-made was signed and settled by him. It appears that amendments were neither suggested nor waived by either George C. Beidleman or Albert Anderson.

Under the rule heretofore announced by this court in *Burnett v. Davis,* 27 Okla. 124, 111 Pac. 191, following *Barnes v. Lynch,* 9 Okla. 11, 59 Pac. 995, the time for making and serving a case-made having expired, and no time for settling the case-made before Judge Barnum having been fixed before his retirement from office, he was not authorized to settle this case-made, and his act in doing so was a nullity. It is insisted, however, that, before his retirement from office, the time for settling and signing the case-made before his successor, Wade S. Stanfield, had been fixed by a notice served by the defendants, and therefore the settling and signing the same before said successor renders the case-made valid. If Judge Stanfield was not authorized by law to sign and settle the case-made, the fact that the defendants served notice that the same would be presented to him for settling and signing would not authorize him to settle and sign the same. *Bettis v. Cargile et al.,* 23 Okla. 301, 100 Pac. 436; *American Nat. Bank v. Merganthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507.

The question arises, however, as to whether Judge Stanfield, as Judge Barnum's successor, was authorized to settle and sign the same. Section 4445, St. Okla. T. 1893 (section 4742, Wilson's Rev. & Ann. St. 1903; section 6075, Comp. Laws 1909), which was construed by this court in *Burnett v. Davis, supra,*

was amended by act of the Legislature of March 9, 1910 (Sess. Laws 1910, c. 39, sec. 1, pp. 59, 60), by adding the following proviso:

"Provided, in case of death or other inability of the judge who tried the cause, his successor in office may extend the time for making and serving such case-made and may settle and sign the same in all respects the same as might have been done by the judge who tried said cause and may take testimony concerning the same, and the time intervening between death or disability of such judge and the qualification of his successor shall not be included in the computation of time allowed for the preparation of such case-made and the appeals of such cases."

Obviously retirement from office does not operate as an inability under the language of this statute, for preceding said proviso the following language is used, which was also contained in the statute prior to amendment, to wit:

"And in all causes heretofore or hereafter tried, when the term of the office of the trial judge shall have expired or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired."

Then the following proviso:

"In case of death or other inability of the judge who tried the cause, his successor in office may extend the time for making and serving such case-made and may settle and sign the same in all respects the same as might otherwise have been done by the judge who tried said cause. * * *"

If the judge who tried this cause is not dead or otherwise incapacitated, although he may have retired from office, under the language, "as might have otherwise been done" by him, he could only settle said case-made in the event that the time fixed or allowed for making and serving the same had not expired, or when such term had expired, the case-made having been served within due time and the time for settling and signing the case-made had been fixed by serving notice of the presentation of the same for settlement in accordance with the order of court. The proviso seems to have the effect in case of death or inability to authorize his successor to act only when the time for making and serving case-made had not expired or the time for presenting same for settlement had been fixed.

Inability means "quality or state of being unable." If a judge is not dead, although his term of office may have expired, he is able to settle a case-made, unless he is insane or physically, on account of sickness or other such inability, incapacitated, or is absent from the state. *Whitely v. St. Louis, E. R. & W. Ry. Co.,* 29 Okla. 63, 116 Pac. 165. There is no showing that any such inability existed; on the contrary, it does appear that on the 30th of March Judge Barnum settled this case-made, when none of the conditions existed required by the statute in order for him to be authorized to settle same after his retirement from office. It appears that counsel first acted on the assumption that Judge Stanfield was the proper one to settle this case-made, and that afterwards, reaching a contrary conclusion, Judge Barnum was procured to settle the same. The act of Judge Barnum, however, in settling the case-made, is rendered void on account of the fact that no notice was served prior to the expiration of his term of office fixing the time in which it would be presented to him for settlement.

It is further insisted by counsel for the plaintiffs (plaintiffs in error) that a stipulation is contained in the record, signed by the attorneys of record in the case in the lower court, wherein the defendants (defendants in error) waived the right to suggest amendments, and under the authority of *St. Louis & S. F. R. Co. v. Davis, post,* 120 Pac. 562, and *Brady v. Bank of Commerce of Coweta, post,* 121 Pac. 250, a rehearing should be granted and the petition to dismiss overruled. But the record does not bear out the statement of counsel. The purported stipulation, which reads that "the defendant waived the right to suggest amendments in said case-made, and hereby consents that the same may be settled immediately and without notice, and hereby joins in the request of the plaintiff in error that the judge of said court settle the same and order the same certified to the clerk of the district court and filed according to law," is not signed by all the parties to this proceeding, being signed only by Lex V. Deckard, as attorney for Alfred F. Boone and R. G. Galloway. The following other indorsement is made in said record:

"Service of summons out of the Supreme Court is hereby waived. [Signed] Albert Anderson. George C. Beidleman."

It is also insisted by counsel for plaintiffs (plaintiffs in error) that the purported case-made may be considered as a transcript, the same having been certified by the clerk as such, and, for that reason, the proceeding in error should not be dismissed as to certain questions that may be reviewed by transcript. The judgment or decree was entered on April 2, 1910. The petition in error, with transcript attached, was filed in this court over a year from that date, to wit, on April 14, 1911. The motion for a new trial is not a part of the record brought up by a transcript. *Tribal Development Co. et al. v. White Bros. et al.*, 28 Okla. 525, 114 Pac. 736, and authorities therein cited; *Craig v. Greer et al., ante,* 124 Pac. 1096, decided by this court on May 14, 1912, and authorities therein cited.

When the judgment of the lower court is sought to be reviewed by a transcript, the proceeding in error must be commenced in this court within a year from the date such final judgment or order is rendered. *W. F. Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594, 49 Pac. 936; *Burdett et al. v. Burdett et al.,* 26 Okla. 416, 109 Pac. 922, 35 L. R. A. (N. S.) 964; *Reed et al. v. Woolly,* 31 Okla. 783, 123 Pac. 1121.

It is further insisted that the judgment or order entered on June 7, 1910, overruling plaintiffs' motion to strike or vacate the judgment or decree rendered on April 2, 1910, is an appealable order, and that the petition in error, with transcript attached, was filed in this court within one year from June 7, 1910. But such motions are not a part of the record proper, and can only be preserved and presented for review on proceeding in error by means of a bill of exceptions or case-made. *Tribal Development Co. et al. v. White Bros. et al., supra; Craig v. Greer et al., supra.* Neither the motion to vacate or grant a new trial nor the evidence presented in support thereof being preserved and brought up as a part of the record by means of a bill of exceptions or case-made, it follows that no assignments or specifications of error as to the motion to vacate can be considered in this proceeding.

Richardson et vir v. Beidleman et al.

As to plaintiffs' contention that they have been deprived of their constitutional right to present a complete appeal to the Supreme Court by means of a proceeding in error, in *Hess v. Harrah*, 28 Okla. 627, 115 Pac. 790, it was held that, where the question sought to be reviewed on appeal could have been presented by means of a transcript, a case-made not being essential, the plaintiff in error cannot be said to be without fault, not having proceeded by means of a transcript, and for that reason he is not entitled to have the cause remanded for a new trial as in cases where, on account of the death of the trial judge, the plaintiff in error was prevented from having a case-made signed and settled. In *Ripey & Son v. Art Wall Paper Mill*, 27 Okla. 600, 112 Pac. 1119, it was held that where the plaintiff in error was without fault, and he was prevented by a hiatus in the procedure from presenting a complete appeal to the appellate court, he was entitled to a new trial. The same rule is announced in *Whitely et al. v. St. Louis, E. R. & W. Ry. Co.*, 29 Okla. 63, 116 Pac. 165. In the case at bar, however, the plaintiffs could have had the case-made signed and settled by Judge Barnum by fixing the time therefor by serving a notice to that effect prior to his retirement from office. There is no failure in procedure except as it was occasioned by this omission of the parties hereto.

This question has been exhaustively considered by this court, the parties hereto having been permitted to file their second petition for a rehearing, but, after a careful and earnest consideration of this case, we have been unable to reach any other conclusion than that this proceeding in error should be dismissed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.