## UNIVERSITY REALTY CO. v. ENGLISH.

No. 3197.    Opinion Filed November 18, 1913.    Publication Withheld
Until February 28, 1914.

(139 Pac. 516.)

1.    **APPEAL AND ERROR**—Presentation for Review—Denial of
New Trial.    The action of the lower court in overruling the motion
for a new trial cannot be reviewed by this court by means of a
transcript of the record.

2.    **SAME**—Motion for New Trial—Record.    A motion for a new
trial copied into a transcript constitutes no part of the record,
and will not be considered by the Supreme Court on appeal.

3.    **SAME**—"Record."    The record in a case shall be made up from
the petition, the process, return, the pleadings subsequent thereto,
reports, verdicts, orders, judgments, and all material acts and
proceedings of the court.

(Syllabus by Robertson, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by W. W. English against the University Realty
Company to recover commission for sale of real estate.    Judg-
ment for plaintiff, and defendant brings error.    Affirmed.

*Parker & Simons,* for plaintiff in error.

*McKeever & Church,* for defendant in error.

Opinion by ROBERTSON, C.    This is an appeal by plain-
tiff in error by transcript of the record.    Three assignments of
error are raised in the petition in error, viz.:

"(1) The trial court erred in overruling the motion of de-
fendant for a new trial.    (2) The trial court erred in giving to
the jury instruction No. 3 of the general charge.    (3) The trial
court erred in overruling the second, third, fourth, and fifth
grounds of defendant's motion to make the petition of plaintiff
more definite and certain."

The action of the lower court in overruling the motion for
a new trial cannot be reviewed by this court by means of a
transcript of the record.    *Schoolmyer v. Van Buskirk,* 35 Okla.

439, 130 Pac. 138; *Richardson v. Beidleman,* 33 Okla. 463, 126 Pac. 818; *Laird v. Bannon,* 31 Okla. 627, 122 Pac. 180. A motion for a new trial copied into a transcript constitutes no part of the record, and will not be considered by the Supreme Court on appeal. *Ludwig v. Benedict,* 33 Okla. 300, 125 Pac. 739; *Tribal Development Co. v. White Bros.,* 28 Okla. 525, 122 Pac. 736; *Davis v. Lammers,* 23 Okla. 338, 100 Pac. 514.

Whether or not there was error in the action of the trial court, as set up in assignment of error No. 2 of the petition in error, we cannot say, inasmuch as this would be an error of law occurring at the trial, and to be saved for review in this court would necessitate its presentation to the lower court by motion for new trial; and, as has been seen, this appeal coming by transcript, without case-made or bill of exceptions, we are precluded from further examination into the alleged error.

The record in a case "shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court." (Section 5146, Rev. Laws 1910.)

In *Menten v. Shuttee,* 11 Okla. 381. 67 Pac. 478, it was said:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions, and embracing them in the transcript."

In 2 Thompson on Trials, sec. 2712, it is said:

"The motion is necessary to enable the court to correct such errors, occurring at the trial, as do not appear on the face of the record proper, as where it is insisted that there is no evidence to support the verdict, or that the verdict is against the law and evidence, or that the evidence does not authorize the judgment, or that there is an error in the verdict of the jury.

or where it is alleged that the court erred in matter of law, either in admitting or rejecting evidence, *or in giving or refusing instructions.*"    (Italics ours.)

To the same effect, see *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *McCarthy v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Green et al. v. Incorporated Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *Lamb et al. v. Young et al.,* 24 Okla. 614, 104 Pac. 335.

What has been said relative to the foregoing assignments of error is likewise applicable to the third. This leaves for our examination the pleadings and the judgment of the court. The judgment appears to be regular in all things, and the allegations of the petition are sufficient to sustain the same; therefore the judgment of the trial court should be affirmed.

By the Court:  It is so ordered.