LABORN *et al.* v. STEPHENS *et al.*

No. 6877.   Opinion Filed February 16, 1915.

Rehearing Denied March 23, 1915.

(147 Pac. 152.)

1.  **APPEAL AND ERROR—Presentation for Review.** Errors alleged to have occurred on the trial of a cause cannot be presented to this court, in the absence of a bill of exceptions or case-made.

2.  **SAME—Rulings of Trial Court.** The rulings of the trial court on the admission or rejection of evidence, the giving or refusal of instructions, the overruling of a motion for a new trial, and the exceptions taken, are not a part of the record proper, and can be presented for review on appeal only by incorporating the same into a bill of exceptions or case-made.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by Jennie H. Stephens against Katherine B. Laborn, W. R. Laborn, and the Lincoln Mortgage Loan Company. From a judgment for plaintiff, and for defendant Lincoln Mortgage Loan Company on its cross-petition, defendants Laborn bring error. *Dismissed.*

*H. R. Winn,* for plaintiffs in error.

*Shirk & Danner,* for defendants in error.

SHARP, J.   This appeal comes to us on a transcript of the record of the superior court of Oklahoma county. The nine assignments of error contained in the petition in error are: (1) Error in overruling motion for new trial; (2) error in admitting, over objection, hearsay testimony; (3) error in overruling motion for judgment; (4) error in admitting evidence on the part of defendants in error; (5)

error in excluding competent and legal evidence offered on the part of plaintiffs in error; (6) error in instructing the jury; (7) error in submitting special interrogatories to the jury; (8) that the verdict of the jury was not supported by and is contrary to the evidence; (9) that the verdict of the jury is contrary to law.

It will be seen that all of the errors assigned occurred at and during the trial. It has repeatedly been held by this court that errors alleged to have occurred on the trial of a cause cannot be presented to this court, in the absence of a bill of exceptions or case-made. The rule is thus stated in *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment; and incorporating motions, affidavits or other papers into a transcript will not constitute them a part of the record, unless made so by a bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

Many subsequent opinions of this court have followed and approved the rule above announced. Among the cases are the following: *Davis v. Lammers,* 23 Okla. 338, 100 Pac. 514; *Green v. Town of Yeager,* 23 Okla. 128, 99 Pac. 906; *Tribal Development Co. v. White Bros.,* 28 Okla. 525, 114 Pac. 736; *Simpson v. Henderson-Sturges Piano Co.,* 31 Okla. 623, 122 Pac. 174; *Richardson et al. v. Beidleman et al.,* 33 Okla. 463, 126 Pac. 818; *Williamson et al. v. Adams,* 34 Okla. 317, 125 Pac. 486; *University Realty Co. v. English,* 41 Okla. 593, 139 Pac. 516.

The errors assigned, not arising upon the record proper, and not having been preserved and presented for review on appeal by incorporating them into a bill of exceptions or case-made, cannot, therefore, be considered.

The motion of defendants in error to dismiss the appeal is therefore sustained.

All the Justices concur.