## BILLINGTON v. GRAYSON.

No. 6617.—Opinion Filed June 20, 1916.

(158 Pac. 433.)

### 1. Appeal and Error—Record—Case-Made—Requisites.

Where the certificate of the trial judge to a purported case-made is not attested by the clerk of the trial court, with the seal of said court attached, such purported case-made is a nullity, and confers no jurisdiction upon this court to review any question presented by such purported case-made.

**2. Appeal and Error — Record — Questions Presented for Review.**

Only that which constitutes the "judgment roll" can be considered on an appeal taken by transcript.

(Syllabus by Collier, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by Milly Grayson against E. S. Billington. Judgment for plaintiff, and defendant brings error. Affirmed.

Fowler & Biggers, for plaintiff in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiff in error, to remove clouds upon, and quiet title to, the lands described in the petition. The parties will be referred to hereafter as they were in the trial court. The errors assigned are:

"(1) Because the court erred in overruling the motion of plaintiff in error for a new trial. (2) That the findings of fact as made by the court are not sustained by the evidence. (3) That the said findings of fact and decisions of law are contrary to law. (4) That the said court erred in decisions of questions of law arising at the trial to which said defendant at the time excepted. (5) That said court erred in conclusions of law, wherein he said: 'That the said quitclaim deed of C. B. Schaff, naming a consideration of $1, was sufficient to have placed the defendant upon notice, and that the court concludes as a matter of law in this case that the deed should have been canceled unless the defendant shall elect to pay the purchase price of said land, or $400 to the plaintiff.' (6) That the court erred in not holding that the deed dated 16th day of September, 1908, is a valid conveyance as to the defendant, E. S. Billington. (7) That the court erred in not holding that the said E. S. Billington was an innocent purchaser, and that said quitclaim deed of the said C. B. Schaff was sufficient to have placed the said defendant, E. S. Billington, upon notice."

Judgment was rendered for the plaintiff, to reverse which this appeal is prosecuted.

The certificate of the trial judge to the purported case-made not having been attested by the clerk, nor the seal of the said court attached thereto, said case-made is a nullity, and confers no jurisdiction upon this court to review any questions presented by such purported case-made. Stallard et al. v. Knapp, 9 Okla. 591, 60 Pac. 234; Oligschlager v. Grell, 13 Okla. 632, 75 Pac. 1131; Montemat v. Johnson, 42 Okla. 443, 141 Pac. 779; Board of Commissioners of Creek County v. State ex rel. Jones, 48 Okla. 477, 150 Pac. 455.

The attempted case-made is also properly certified as a transcript, but none of the errors assigned can be properly considered thereunder. Only that which constitutes a judgment roll can be considered on an appeal taken by transcript. Webber et al. v. Dillon, 7 Okla. 568, 54 Pac. 894. A transcript of a record of the district court presents no question in this court for review of the action of the court for errors of law occurring upon the trial of the case. Belcher v. Wasson & Reed, 13 Okla. 648, 75 Pac. 1131; McMechan v. Christy, 3 Okla. 301, 41 Pac. 382; Black v. Kuhn, 6 Okla. 87, 50 Pac. 80.

"The rulings of the trial court on the admission or rejection of evidence, the giving or refusal of instructions, the overruling of a motion for a new trial, and the exceptions taken are not a part of the record proper, and can be presented for review on appeal only by incorporating the same into a bill of exceptions or case-made." Jacobs v. Willie, 47 Okla. 785, 150 Pac. 709; Davis v. Lammers 23 Okla. 338, 100 Pac. 514; Green v. Town of Yeager, 23 Okla. 128, 99 Pac. 906; Tribal Development Co. v. White Bros., 28 Okla. 525, 114 Pac. 736; Simpson v. Henderson-Sturgis Piano Co., 31 Okla. 623, 122 Pac. 174; Richardson et al. v. Beidelman et al., 33 Okla. 463, 126 Pac. 818; Williamson et al. v. Adams, 34 Okla. 317, 125 Pac. 486; University Realty Co. v. English, 41 Okla. 593, 139 Pac. 516.

The defendant in error has not filed a brief, or moved to dismiss the appeal, but where, as in the instant case, the want of jurisdiction appears, it must be answered by this court, whether propounded by counsel or not. Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Cutler v. Rae, 7 How. 729, 8 How. 615 Appx., 12 L. Ed. 890; McKinney v. Carroll, 12 Pet. 66, 9 L. Ed. 1002; Perez v. Fernandez, 202 U. S. 80, 26 Sup. Ct. 561, 50 L. Ed. 943; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Bors v. Preston, 111 U. S. 252, 4 Sup. Ct. 407, 28 L. Ed. 419; Thomas v. Ohio State University, 195 U. S. 211, 25 Sup. Ct. 24, 49 L. Ed. 164; Myers v. Berry, 3 Okla. 617, 41 Pac. 580; Brown on Jurisdiction, sec. 10.

This cause should be affirmed.

By the Court: It is so ordered.