### In re COMBS' ESTATE.

No. 8224—Opinion Filed Dec. 12, 1916.

(161 Pac. 801.)

**1. Appeal and Error—Record—Authentication—Amendment.**

A certificate of the clerk of the district court to a transcript, which is attached to a petition in error and filed in this court, within the time limited for appeal, may be amended upon order of this court made prior to final decision, but after the time for filing such appeal has expired.

**2. Appeal and Error—Appellate Jurisdiction—Appearance—Effect.**

Jurisdiction is not conferred upon this court by a general appearance of the sole defendant in error, made after the time for filing an appeal has expired.

**3. Appeal and Error—Summons in Error—Designation of Court.**

A summons in error which described the judgment appealed from as rendered in the county court, when it should properly have described such judgment as rendered in the district court, will not be held so defective as to work a dismissal of the cause, unless it appears that the defendant in error so summoned was deceived thereby to his prejudice.

**4. Appeal and Error—Record—What Constitutes—Evidence.**

Evidence taken in the county court upon a petition to admit a will to probate, which is not introduced in evidence in the district court, by stipulation or otherwise, upon a trial of the issues de novo upon appeal to that court, is not part of the record in the district court, and will be stricken upon motion, from a transcript of the record of such district court presented here upon appeal.

**5. Same—Motion for New Trial.**

A motion for new trial, not made a part of the record by bill of exceptions, is not a proper part of a transcript.

(Syllabus by Burford, C.)

Error from District Court, Muskogee County: Geo. C. Crump, Judge.

In the matter of the estate of Amanda M. Combs, deceased. From a judgment admitting the will to probate, contestants appeal. Heard on motion to strike and to dismiss appeal. Granted in part, and denied in part.

J. B. Campbell, C. P. Gotwals, N. B. Maxey, and Kelly Brown, for plaintiff in error.

Franklin & Carey, for defendant in error.

Opinion by BURFORD, C. This proceeding was instituted originally in the county court, to effect the probate of an alleged lost will of Amanda M. Combs, deceased. The county court denied the probate, and the proponent of the will appealed to the district court, where the cause was heard de novo and the will admitted to probate. The contestants appealed to this court by petition in error and transcript. After the appeal had been lodged in this court more than 60 days, and after more than eight months, from the date of the final judgment in the district court, the proponents of the will, defendants in error here, moved to dismiss the appeal, alleging both jurisdictional and nonjurisdictional grounds. Thereupon the contestants, plaintiffs in error here, asked leave to amend the transcript. Upon this motion this court granted an order "allowing the record to be withdrawn for correction, same to be made before the trial court on five days' notice to the adverse party, the record to be returned to this court within 25 days, the amendment so made to be without prejudice to question the right to make the same." The record has been returned to this court. It appears that the only amendment made is a new certificate to the transcript by the clerk of the trial court. It is admitted that the former certificate was defective. Proponents now renew their motion to dismiss upon the original grounds therein contained and the additional ground that the amendment was not made "before the

leged transcript. These motions are before the event their motion to dismiss is overruled, to strike certain portions of the alleged transcript. These motions are before us for decision.

Taking up the various questions in their logical order, it seems to be admitted that the original certificate to the transcript was so defective as to compel a dismissal of the cause, unless such certificate can be and is properly amended. It does not appear that contestants made the amendment before the trial court. While it is not our desire or purpose to sanction modification of the orders of this court by counsel, without our knowledge or consent, yet it is our desire to pass upon the cases presented to us upon their merits where counsel observe the settled rules of practice, the orders of this court, and the necessary jurisdictional requirements sufficiently to enable us to do so. In the press of business the original order allowing the amendment was made with the idea in mind that this appeal was by petition in error and case-made, that for such reason an amendment could only properly be allowed under the safeguard of the presence and approval of the trial court, and were such the case we would be disposed to hold counsel to a strict compliance wtih the order. However, the trial court has little or no functions to perform in relation to a transcript. It is properly certified by the clerk. It does not appear that the presence of the trial court would have served any useful purpose in making this amendment. Had our attention been called to the form of this appeal, the original order would have been modified. Such being the case we are disposed to pass over the noncompliance of counsel with the terms of the original order, and to consider the amendment as made.

The question then arises as to whether a defective certificate of the clerk may be amended so as to constitute a proper certificate after the time for lodging an appeal in this court has expired.

In Walcher v. Stone, 15 Okla. 130, 79 Pac. 771, the question here involved was directly decided, the court holding the certificate to the transcript in that case to be insufficient, and that it could not be amended after one year—the then period of limitation for filing appeals — had expired. Walcher v. Stone, however, was decided upon the statute then in force and the general principles applicable to amendments. Since that decision the statute now embodied in sec. 5243, Rev. Laws 1910, was passed. That section provides, in part, as follows (emphasis ours):

"If, after any record or case-made is filed in the appellate court, in either matter a civil or a criminal cause, it shall appear that any motion which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the appellate court may, on its own motion, or on motion of any party to such cause * * * prepare such omitted parts, and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed * * * and such order to correct, or leave so to do, may be had any time before the cause is finally decided by the appellate court."

Since the passage of this statute, this court has dismissed cause for insufficient certificate to the transcript filed therein, but in these cases it does not appear that there was an application to amend. We have held that the amendment to be made must be an amendment as such, and that therefore a case-made could not be substituted for a copy thereof after the time for appeal had expired (Creek Realty Co. v. City of Muskogee, 49 Okla. 413, 153 Pac. 180) ; but the particular question here involved appears to be now before us for the first time since the passage of the statute above quoted. Counsel cite many cases, all of which, and many others, have been carefully examined. The case in this court coming nearest to sustaining the motion to dismiss is Jordan v. St. L. & S. F. R. Co., 42 Okla. 804, 143 Pac. 46. In that case, however, there was no certificate whatever, and the request to amend was first made upon rehearing, and after a final decision dismissing the cause had been rendered by this court. By its own terms, therefore, the time within which sec. 5243, supra, might be invoked, had passed. Turning to the statute it seems that the present application is clearly within its terms. Amendment is sought prior to final decision of a "certificate" which is "insufficiently stated." But it is urged that jurisdiction in this court is only acquired by the filing within the time limited by statute of a petition in error attached to a case-made or transcript, and if there is no case-made filed here and the papers filed with the petition in error being insufficiently certified, they are not a transcript, and that therefore jurisdiction fails. The answer is found in the statute itself. As now amended there is a proper transcript attached to the petition in error. The amendment has "like force and effect" as though "originally incorporated" in the record before us. By the very terms of the statute the amendment relates back

to the date of filing and makes perfect as of that date, that which was before imperfect. It is in effect an amendment nunc pro tunc, and the record being regarded as filed in its present form, as of the original date of filing, jurisdiction is acquired within the terms of the statute regulating appeals. We regard this statute as but one of the expressions of the modern tendency of both courts and lawmakers, a tendency both proper and just, to sweep away the barriers of technicality and to permit, within the necessary rules of jurisdictional procedure, causes to be reached and decided upon their merits. We therefore hold the amendment to be properly made.

The final ground urged for dismissal is that the only summons in error issued was insufficient to confer jurisdiction. This contention is met by the argument that defendants in error, by filing their various motions upon grounds and seeking relief both jurisdictional and nonjurisdictional, entered an appearance in the cause, and thereby complete jurisdiction was conferred. This latter contention cannot be sustained. The motions were filed after the time for perfecting an appeal had expired. Jurisdiction of the parties may be conferred by consent, but jurisdiction of the subject-matter in this court cannot. Jurisdiction of the subject-matter itself is only conferred upon this court by the filing of a petition in error, accompanied by case made or transcript, and the issuance of process to defendant in error, all within the time allowed by law. After that time consent of parties is of no avail. It was so held in Creek Realty Co. v. City of Muskogee, supra: Shaffer v. Remmers, 47 Okla. 250, 148 Pac. 841; Oberly v. Harris, 63 Oklahoma, 143 Pac. 663; American National Bank v. Merganthaler Co., 31 Okla. 533, 122 Pac. 507, and the numerous cases therein cited. Some support is found for the contention in the first paragraph of the syllabus in Hill v. Hill et al., 49 Okla. 424, 152 Pac. 1122. An examination of the facts of that case, however, shows that there was an appearance, either by waiver or by seeking jurisdictional relief, in this court by all parties **prior to the expiration of the time within which the appeal might have been filed.** The decision denying that motion **to dismiss was** therefore clearly right. The **broad** language of the syllabus, however, as **related** to these facts, was a clerical error which we are advised is to be corrected in the official reports.

But we are of opinion that the original summons in error was sufficient. The object of process is to notify the party of the existence of the suit and the nature of the controversy involved. In the nisi prius court a certain strictness in process is necessary, as there, if the summons wrongly described the subject-matter, the defendant might see fit to default because he had no objection to a judgment for the purpose and amount recited in the summons issued to him. In this court appeals come only from judgments theretofore rendered, of which the defendant in error had notice and in which he was necessarily the successful party. A mere inaccuracy in the process is not so likely to deceive or to cause an injustice. We are therefore inclined to construe liberally questions in relation to process issued out of this court. The summons in error in the instant case properly describes the parties, and the cause here; it was issued and served in time. It described the judgment appealed from, however, as one of the county court when it should have read "district court." It is true that if the process is fatally defective jurisdiction is not acquired and the cause will be dismissed (Springfield Fire & Marine Ins. Co. v. Belt, 45 Okla. 49, 144 Pac. 606); but in our judgment the summons here issued was not so inaccurate in form as to be fatally defective. Here there was no reason for the party being misled. The original judgment in the county court was appealed to the district court, and the cause was there retried. So far as appears this was the only cause pending between the same parties. The petition in error here properly described the judgment appealed from. The defendant in error must have known that no appeal was being prosecuted to this court from the judgment of the county court, since the judgment there was wholly in favor of the plaintiffs in error here, and there could be no possible object in their appealing from that judgment or right so to do. On the other hand judgment in the district court was against plaintiff in error, and it must be apparent that it was the district court judgment brought here for review. An examination of the American cases touching upon the sufficiency of notices of appeal and process upon appeal shows that two views have been adopted; one that of strict construction requiring the process to be complete and perfect in all its details, the other a more liberal view to the effect that if the process be not wholly inaccurate or incomplete, if therefrom the party can reasonably ascertain the object of appeal, and especially where the object can be clearly ascertained from an examination of the record and petition in error in the appellate court, the process will not be held void unless it appears that the party has been misled to his prejudice. This latter doctrine is in consonance with the views of this court and without reviewing the cases from

other states in detail, it suffices to say that such doctrine is here adopted.

It follows from these observations that the motion to dismiss must be overruled.

Passing to the motion to strike. In considering the grounds of this motion we are of opinion that we are not to be concerned with questions as to what constitutes a proper record on appeal from the county to the district court, or what might properly be incorporated in a case-made upon appeal from the district to this court, but may only properly decide what may be embraced in a transcript—no bill of exceptions having been made—upon appeal to review a judgment of the district court. This is settled by statute and by numerous decisions of this court. Section 5146, Rev. Laws 1910, provides, in part:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court. * * * Evidence must not be recorded."

See also, Callahan v. Callahan, 47 Okla. 542, 149 Pac. 135, and cases cited.

Under this statute it has been held by this court that the evidence, unless made so by bill of exceptions, is not a part of the record. U. S. ex rel. v. C., O. & G. R. Co., 3 Okla. 404, 41 Pac. 729; Grand Lodge v. Furman, 6 Okla. 649, 52 Pac. 932; Gill v. Haynes, 28 Okla. 656, 115 Pac. 790; Billington v. Grayson, 59 Okla. 182, 158 Pac. 433. There is incorporated in this record the evidence taken before the county court. As before stated, whether or not this evidence, or any part thereof, was a part of the record proper of the county court is immaterial. Evidence taken before the county court, and not used as evidence in the district court upon a trial de novo by stipulation or otherwise, is not a part of the proceedings of the district court, at all, unless made so by statute. If it be said that this evidence was before the district court for the purpose of determining, as a matter of law, the correctness of the decisions of the county court sustaining a demurrer to the evidence there, still such evidence is not a part of the record proper in the district court unless made so by bill of exceptions or case-made. It must follow that pages 31 to 80, inclusive, of the transcript as filed, containing the evidence taken in the county court, must be stricken. The same result must follow as to pages 81 to 84, inclusive, which set out the judgment of the county court. This judgment is no part of the record of the district court, and it is a transcript of the record in the district court which is to be considered here.

The motion for new trial in the district court, pages 101 to 103, inclusive, of the record must also be stricken. Motions, including those for new trial, are not a part of the record proper. Tribal Dev. Co. v. White Bros., 28 Okla. 525, 114 Pac. 736; University Realty Co. v. English et al., 41 Okla. 593, 139 Pac. 516; Davis v. Lammers, 23 Okla. 338, 100 Pac. 514; Ludwig v. Benedict, 33 Okla. 300, 125 Pac. 739; Jacobs v. Willie, 47 Okla. 785, 150 Pac. 709; Lewis v. Leitchfield Co., 47 Okla. 525, 149 Pac. 1135; Vannier v. Fraternal Aid Ass'n, 40 Okla. 732, 140 Pac. 1021; Billington v. Grayson, 59 Okla. 182, 158 Pac. 433, and cases therein cited.

The final prayer of the motion to strike relates to portions of the judgment of the district court which find certain facts, upon the ground that no findings of fact having been requested, anything said by the court amounts to but a general finding for the prevailing party. Such seems to be the rule laid down in U. S. ex rel. v. C., O. & G. R. Co., 3 Okla. 404, 41 Pac. 729, supra. Here, however, the district court was sitting as an appellate court. The questions of his powers and duties as such, and whether or not in hearing this cause he was governed by the statutes relating to probate procedure, and particularly sec. 6211, Rev. Laws 1910, requiring the county judge to incorporate findings of fact in his judgment, appear to be involved in the cause upon its merits. We therefore prefer to reserve this question until the cause is finally briefed and before us for decision.

For the reasons given the motion to dismiss should be overruled; the motion to strike granted in part and denied in part as heretofore indicated, and the parties required to file their briefs upon the merits within the time heretofore granted.

By the Court: It is so ordered.