## DAVIS et al. v. DE GEER et al.

No. 11352—Opinion Filed June 19, 1923.

### Appeal and Error — Jurisdiction—Case-Made Improperly Filed—Transcript.

Where the case-made is filed in court clerk's office before it is settled and signed by the trial judge and not filed after it is settled and signed, it is a nullity, and gives this court no jurisdiction to consider any error therein complained of; but if the same record is certified by the court clerk as a full, true, and complete transcript of the record in said cause and same is filed in this court within the time allowed for taking appeals, this court will consider the errors complained of by petition in error and which appear on the face of the record proper.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woods County; T. P. Clay, Assigned Judge.

Action by R. L. De Geer against A. C. Davis and others. Judgment for plaintiff and certain defendants bring error. Affirmed.

J. W. Barry and C. H. Mauntel, for plaintiffs in error.

E. W. Snoddy, for defendants in error.

Opinion by THREADGILL, C. R. I. De-Geer, defendant in error, as plaintiff, brought an action in the district court of Woods county against A. C. Davis, Shirely Rowell, and E. M. Blue, copartners, doing business under the firm name and style of the Alva Ford Company, and T. C. Riley, defendants, alleging that on or about the 28th day of March, 1918, the defendant T. C. Riley made a written order upon the said Alva Ford Company for a Ford touring car, for which he agreed to pay the sum of $450, and $39.30 freight and delivery charges, aggregating the

sum of $489.30, which order was accepted by the Alva Ford Company, and at the time of acceptance he paid them the sum of $25. A copy of the written order was attached and made a part of the petition: that on the 3rd day of July, 1918, the defendant. T. C. Riley sold his right, title, and interest under and by virtue of said contract and the right to receive the said automobile so ordered, to plaintiff for the sum of $25, which was paid; that both plaintiff and said Riley notified the Alva Ford Company, and the said company agreed to deliver the said Ford car to plaintiff; that on or about the 5th day of July, 1918, relying upon the promise and agreement of the defendant, Alva Ford Company, plaintiff paid the said company the sum of $400 on the price of said car, which they received and accepted for said purpose, making a total of $425, including the $25 which plaintiff paid to the said T. C. Riley. That the defendants failed, neglected, and refused to deliver to plaintiff said automobile and that by reason of their promise to deliver the same, plaintiff alleges that they are bound to repay him the sum of $425, with interest thereon at six per cent. interest per annum from July 5, 1918.

The defendants answer, first, by general denial, admitting the partnership and firm name and style of Alva Ford Company. They admit that they signed a written contract with T. C. Riley as stated in plaintiff's petition for the sale and delivery of a certain Ford touring car. They deny that they ever agreed with the plaintiff, DeGeer, that he might be substituted in or under the said contract for T. C. Riley, but state as a matter of fact that T. C. Riley did contract for said car and did elect to have the same delivered to him in Kansas City, Mo., on or about the 18th day of June, 1918; and for the purpose of receiving the discount of $12 on freight charges, the said T. C. Riley did go to Kansas City, Mo., and there received said Ford car in full compliance with the written contract, and according to the option therein stated, and the defendants, therefore, complied with the terms of the contract as made with the said T.C. Riley; but the said T. C. Riley was indebted to them in the sum of $128.33. Defendants deny that they knew of any assignment by Riley to the plaintiff, and they state that said Riley received the said car, and when the same was delivered to him under said contract it was under his own individual contract and as his own individual car and property. They ask judgment against Riley for $128.33.

The plaintiff replies with a general denial. Before defendants filed their answer they demurred to the amended petition of plaintiff.

The amended petition reasserted the petition and pleaded knowledge on the part of the defendants to the assignment. The demurrer was overruled. The issues were tried to a jury and resulted in a verdict for the plaintiff. The parties are named as in the court below. The defendants filed motion for new trial which was overruled and they gave notice of appeal. An extension of time was granted for preparing and serving case-made, and the case is brought here upon the following assignments of error:

"(1) That the petition and amended petition failed to state cause of action for the reason that the defendant in error, R. I. De-Geer, sought to predicate his cause of action upon the alteration of a written contract by an oral agreement.

"(2) The verdict is contrary to the law and the evidence.

"(3) The court erred in giving instruction No. 5 wherein the jury were instructed that as to the defendant in error, T. C. Riley, no judgment could be rendered against him, as he had disclaimed all interest in the subject-matter of the suit."

The first question that confronts this court is the question of jurisdiction to consider the assignment of errors as presented in the record and the brief of plaintiffs in error. This question is raised by the brief of defendant in error. It appears that the case-made was filed in the court clerk's office in Woods county on the 19th day of April, 1920, and the certificate of the trial judge, settling and signing the case-made, was done on the 20th day of April, 1920. The case-made was filed with the court clerk before it was settled as a case-made and was not filed after it was settled and signed by the judge.

This being true, it follows, under the decision of this court, that the case-made is a nullity, and this court has no jurisdiction to consider it. St. Louis & S. F. Ry. Co. v. Bonham, 43 Okla. 637, 143 Pac. 660; Ft. Smith & Western Ry. Co. v. McKee, 38 Okla. 194, 132 Pac. 497; Brooks et al. v. United Mine Workers, 36 Okla. 109, 128 Pac. 236.

The court clerk of Woods county, on the 19th day of April, 1920, certified the record as a full, true, correct, and complete transcript and copy of all records in the case. And while we can not consider the record as a case-made, we may consider it as a transcript and only such errors as appear on the face of the record and in connection with the record proper. This court has often held that appeal by certified transcript presents only such errors as appear on the face of the record, and that such record consists of the petition, answer, reply, demurrers, process,

orders, and judgments, and in order to present errors involving motions, affidavits, and evidence, instructions, and other preliminary proceedings, the same must be brought into the record by bill of exceptions or case-made. Billings v. Grayson, 59 Okla. 182, 158 Pac. 433; Jacobs v. Willie, 47 Okla. 785, 150 Pac. 709; Green v. Town of Yeager, 23 Okla. 128, 99 Pac. 906; Tribal Development Co. v. White Brothers, 28 Okla. 525, 114 Pac. 736; Simpson v. Henderson Sturges, 31 Okla. 623, 122 Pac. 174; Richardson et al. v. Beidelman et al., 33 Okla. 463, 126 Pac. 818; Williamson v. Adams, 34 Okla. 317, 125 Pac. 486; University Realty Co. v. English, 41 Okla. 593, 139 Pac. 516; Frank Menten v. Otto A. Shultee et al., 11 Okla. 381, 67 Pac. 478.

Under this rule there is but one error complained of in the transcript that this court can consider, and that is the action of the court in overruling the demurrer to the amended petition and complained of by plaintiffs in error in the petition in error, and set forth as No. 1 in plaintiffs in error's brief under specifications of error—

"That the petition and amended petition failed to state a cause of action for the reason that the defendant in error R. I. DeGeer, sought to predicate his cause of action upon the alteration of a written contract by an oral agreement."

Conceding that this is the object of the demurrer, let us examine the petition as amended. The plaintiff states, in substance, that T. C. Riley made a written contract with the defendants for the Ford car and the plaintiff purchased from the said T. C. Riley all his interest in said contract, paid him for it, and the contract was orally assigned by T. C. Riley to the plaintiff and the defendants agreed to the said assignment and agreed to deliver the said Ford car to the plaintiff and the plaintiff paid the said defendant $425 on the contract.

We cannot agree with plaintiffs in error's contention that the pleading as above stated meant to change the terms of the written agreement, but does mean to plead an oral assignment and the cause of action is based upon the assignment of the written order or contract of T. C. Riley to plaintiff.

If it were true that an oral assignment of a written contract has the effect of changing its terms within the purview of section 988, Revised Laws of 1910, and in Early v. King, 38 Okla. 206, 135 Pac. 286, for the simple reason the assignee cannot claim the right to enforce the terms thereof in his favor, then a written contract could not be assigned orally; neither could a person die intestate and leave a written contract enforceable by his heirs. An assignment does not alter the terms of the contract but only changes the right to claim under its terms.

We conclude that the court did not err in overruling the demurrer to the petition as amended, and the contention of plaintiffs in error that the defendant in error sought to predicate his cause of action upon the alteration of the written contract by an oral agreement is not well taken. Assigning the contract did not change its terms. The judgment of the court below is affirmed.

By the Court: It is so ordered.