### Divine v. Harmon *et al.*

No. 576.· Opinion Filed May 12, 1909.

(101 Pac. 1125.)

1. **APPEAL AND ERROR—Record—Case-Made.** A proceeding in error by petition in error and case-made, where neither the original case-made ·nor a certified copy thereof is filed with the petition in error, presents nothing for review.

2. **SAME—Appealable Order.** An order overruling a motion asking permission to withdraw an amended petition which has already been stricken from the files is not an order from which a proceeding in error lies.

(Syllabus by the Court.)

· *Error from District Court, Muskogee County.*

Action by Ollie Divine against Bent T. Harmon and others. Judgment for defendants, and plaintiff brings error. Dismissed.

*Williams & Williams,* for plaintiff in error.
*Chas. Bagg,* for defendants in error.

HAYES, J. A motion to dismiss upon several grounds has been filed in this 'action. One of the grounds urged is that the original case-made or a certified copy thereof has not been filed with the petition in error. This proceeding .in error is from the district court of Muskogee county by petition and case-made. Section 4739, Wilson's Rev. & Ann. St.· Oklahoma 1903, provides that in all proceedings in error plaintiff in· error shall attach to and file with his petition in error the original case-made filed in the court below, or a certified transcript of the record of said cause. Section 4741 provides that, when the case-made has been

signed and settled by the judge of the court, the same shall be filed with the papers in the case, and a certified copy thereof shall be filed with the petition in error. These sections of the statutes were adopted by the territorial Legislature by the same act, and, construing them together so as to give each force and effect, they authorize a proceeding in error by a petition in error with the original case-made or a certified copy thereof attached thereto.

Plaintiff in error has attempted to perfect his proceeding in error by filing a petition in error and what purports to be a copy of the case-made, which is neither the original nor a certified copy of the original. The Legislature having prescribed the method by which a proceeding in error or appeal may be had, such methods must be followed, and the court cannot disregard it. It follows that nothing is presented by the petition in error in this case that can be reviewed by the court; but we should not be disposed to dismiss this action without giving plaintiff in error an opportunity to have the purported copy of the case-made, attached to his petition, certified by the clerk of the trial court if it did not appear from such purported copy of the case-made that the motion to dismiss will have to be sustained upon another ground.

It is also urged in the motion that the order of the court from which this proceeding is taken is not an order that the statute authorizes an appeal to be taken therefrom. In order to determine this contention, it will be necessary for us to review somewhat in detail the proceedings in the trial court. This action was begun in the trial court by plaintiff filing therein her petition for partition of certain real estate, to which defendant demurred, and the court overruled defendant's demurrer. Thereupon defendant filed an answer and both parties filed an agreed statement of facts upon which pleadings and agreed statement of facts the case went to trial and resulted in a judgment of the court dismissing the action without prejudice, but on the same day such judgment was rendered a motion was filed by plaintiff and sustained by the court, setting aside the order of

the court dismissing the action, and thereafter plaintiff was permitted to file in the action her amended petition in ejectment praying for judgment for possession of the premises described in the original petition. A motion to strike this amended petition from the files was made by defendant and sustained by the court. Thereafter a motion was made by plaintiff to set aside the order of the court striking her amended petition from the files, but this motion was overruled.

At this stage of the proceedings, while the case was pending upon the original petition and answer thereto, a motion was made by plaintiff for permission of the court to withdraw her amended petition and to permit the cause to go to trial on the original complaint, answer, and agreed statement of facts. This motion was resisted by defendant, and was overruled by the court. The action of the court is set out in the following language in the purported case-made:

"That afterwards, to wit, on the same day, to wit, the 12th day of September, 1908, said cause came regularly on for hearing in open court upon motion of plaintiff to permit her to withdraw all her pleadings filed in this cause that refer to a transfer of said cause to the law docket of this court, and to permit said cause to go to trial on the original complaint, answer, and agreed statement of facts filed herein, and both parties, appearing by their respective attorney of record, and the court having heard the argument of counsel and being fully advised, overrules such motion of the plaintiff, to which ruling of the court plaintiff at said time excepted and still excepts, which exceptions were allowed by the court."

Plaintiff thereupon gave notice of appeal, and brings this proceeding in error from said order of the court.

Section 4733, Wilson's Rev. & Ann. St. 1903, describes what orders or judgments may be reversed, vacated, or modified by the Supreme Court. Plaintiff in error has treated the above order as a final judgment of the court dismissing her action. On the other hand, defendant in error treats it as an order refusing her the privilege of withdrawing from the files certain pleadings filed by her. There is nothing in the language of the order which in

specific terms dismisses the action, nor is any judgment rendered therein in favor of either party against the other, and from the history of the proceedings in the action above set out it appears to us that, when the court refused to sustain the motion to withdraw the pleadings which had already been stricken from the files, the case remained upon the docket of that court pending upon the original petition and answer thereto. The language of this order is very indefinite, and it may be that the court intended in overruling the motion of the plaintiff to hold that no cause of action was presented by the original petition, and that it and the answer presented no issues to be tried; but we are not authorized to conjecture what the court intended, and must look to the record to ascertain what the order of the court was, and clearly the order made as set forth in the purported record now before us does not dismiss the action, nor is it a final judgment in favor of either party.

This case is now pending in the trial court on the original petition and answer thereto, and, if the parties agree, may be tried upon the agreed statement of facts originally filed in that court; and, if they do not agree that the same may be so tried, it may be disposed of as any other case upon the evidence introduced by the parties before the court and the issues formed thereby.

The motion to dismiss is sustained.

All the Justices concur.