## ST. LOUIS & S. F. R. CO. v. MESSENGER, *Clerk, et al.*

No. 1591.   Opinion Filed July 12, 1910.

(110 Pac. 893.)

1.   **APPEAL AND ERROR—Record—Case-Made — Withdrawal of Original from Files of Trial Court.** When a case-made has been signed by the trial judge, attested and filed by the clerk with the papers in the case, the party to the action having such original case-made settled and signed and filed is entitled to have same delivered by the clerk to him that he may attach it to the petition in error to be filed in this court.

(Syllabus by the Court.)

Mandamus by the St. Louis & San Francisco Railroad Company against E. F. Messenger, as clerk of the district court of Hughes county, and others.   Writ withheld.

*R. A. Kleinschmidt* and *F. E. Suits,* for plaintiff.
*Crump & Rogers,* for defendants.

WILLIAMS, J.   In an action tried in the district court of Hughes county, wherein J. B. Bagwell was plaintiff and the St. Louis & San Francisco Railroad Company defendant, judgment was rendered against said defendant.   A motion for new trial having been made, overruled, and exceptions saved, time was granted in which to make, serve, and have settled a case-made. Such case-made, being signed and settled, was attested by the clerk, and filed with the papers in the case.   Plaintiff through its attorney of record making demand upon the clerk for said case-made in order that it might be attached to the petition in error to be filed in this court was refused, the clerk contending that said case-made by being attested and filed with the papers in the case had become a part of the record, and could not be withdrawn from his office; that plaintiff's counsel should procure a certified copy of said case-made, and attach same to the petition in error.

In *Divine v. Harmon, et al.,* 23 Okla. 901, 101 Pac. 1125, this court said:

"Section 4739, Wilson's Rev. & Ann. St. Okla. 1903, provides that in all proceedings in error plaintiff in error shall attach to and file with his petition in error the original case-made filed in the court below, or a certified transcript of the record of said cause. Section 4741 provides that, when the case-made has been signed and settled by the judge of the court, the same shall be filed with the papers in the case, and a certified copy thereof shall be filed with the petition in error. These sections of the statutes were adopted by the territorial Legislature by the same act, and, construing them together so as to give each force and effect, they authorize a proceeding in error by a petition in error with the original case-made or a certified copy thereof attached thereto."

It being settled that the plaintiff had a right to elect as to whether he would proceed in this court on appeal by attaching the original case-made or a copy thereof, it would seem that the plaintiff would be entitled to take the original case-made from the office of the clerk of the district court and file the same as attached to the petition in error with the clerk of this court. That such is not permissible as such original case-made has become a part of the records of that court is earnestly insisted. This question seems to have been determined against the contention of defendant's counsel in *Missouri & Kansas Transportation Co. v. Palmer,* 19 Kan. 471, where, in an opinion by the late Chief Justice Horton, the court said:

"And section 1, Laws 1877, p. 243, further provides that 'in all actions hereafter instituted by petition in error in the Supreme Court, the plaintiff in error shall attach the original case-made, filed in the court below, or a certified transcript of the record of said court.' A case-made is no part of the record of the district court. Section 548 of the Code provides that, after a case-made is duly settled, signed, and attested, it shall be filed with the papers in the case; but it is nowhere provided that it shall become a part of the record."

The provisions as contained in section 4741, *supra,* at one time prevailed as a statute in Kansas, but it was subsequently repealed, and in lieu thereof section 1, Laws 1877, p. 243, *supra,*

which was identical with section 4739, Wilson's Rev. & Ann. St. 1903, was enacted. When the Legislature of Oklahoma Territory adopted a code of civil procedure for said territory, it adopted both of said provisions, and in *Divine v. Harmon, supra,* said sections are construed so as to give force and effect to each, thereby authorizing a proceeding in error by attaching either the original case-made or certified copy thereof to the petition in error.

It follows that the plaintiff was entitled to have delivered to its attorney of record in said cause by the clerk of the district court the original case-made that it might be attached to the petition in error to be filed in this court. The clerk of the district court, however, having stated that it was his desire to comply with the law and his refusal to deliver such case-made was on account of a construction of the statute, made by him in good faith, and that he would voluntarily act in accordance with the holding of this court, the writ of mandamus, for the purposes of this case, is not essential, and will not be awarded.

All the Justices concur.