MIDDLETON *et al.* v. ESCOE *et al.*

No. 4480. Opinion Filed March 11, 1913.

(130 Pac. 905.)

APPEAL AND ERROR—Proceedings for Review—Parties. The first section of the syllabus in John v. Paulin et al., 24 Okla. 636, 104 Pac. 365, is made the syllabus in this case.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; R. P. de Graffenried, Judge.*

Action by Eddie Escoe, by Bert E. Nussbaum, his legal guardian, against Drury H. Middleton and others. From the judgment, the defendants Middleton bring error. Dismissed.

*Kline & Gotwals,* for plaintiffs in error.

*Harlow A. Leekley* and *John B. Meserve,* for defendant in error Eddie Escoe.

*W. F. Rampendahl,* for defendant in error W. H. Bateman.

TURNER, J. On June 12, 1911, the defendant in error Eddie Escoe, a minor, by his guardian, sued Drury H. Middleton,

Frances W. Middleton, and W. H. Bateman in ejectment for his allotment in the district court of Muskogee county and for mesne profits. By amended petition, for a second cause of action, he alleged that defendants claimed some right, title, or interest in the land, the precise nature of which he did not know, and prayed that they be required to exhibit all evidence thereof to the court, that his title to the land be cleared, and they forever barred from setting up any claim thereto. After issue joined there was trial to the court upon an agreed statement of facts; whereupon the court found, in effect, that the Middletons were in possession and relied for title upon certain deeds executed by the plaintiff to them during his minority, and that Bateman was not in possession and asserted a lien only upon the land by virtue of a mortgage executed by plaintiff during his minority for $690, payment of which the Middletons had assumed as part of purchase price; that $250 of said $690 had gone in betterments on the land; and that the rents and profits offset any claim that the Middletons might have thereto. Accordingly, on April 27, 1912, it was ordered, adjudged, and decreed by the court that plaintiff have judgment against the Middletons for possession of the land; that their deeds be canceled; that Bateman "should have and recover of and from the plaintiff Eddie Escoe the sum of $250 as the value of the improvements which were placed upon the lands involved herein," etc.; "that as a condition precedent to the cancellation of the said mortgage, said Eddie Escoe should be required to pay to said W. H. Bateman the sum of $250," etc.; "and for good cause shown, said defendants, Drury H. Middleton and Frances W. Middleton, are hereby granted 90 days from this date within which to serve a case-made upon the plaintiff."

As no extension of time was granted in which to serve a case-made upon Bateman, and the same was not served on him within three days as required by Comp. Laws, sec. 6075, and not until July 23, 1912, the motion to dismiss must be sustained; that is, if Bateman is a necessary party to this proceeding which is prosecuted alone by the Middletons. We think he is, for the reason that, not appealing, we presume he is satisfied to accept the $250 which plaintiff is decreed to pay him as a condition precedent

to setting aside his mortgage, and hence his interests would be adversely affected should the Middletons' appeal result in a reversal of that decree. The rule is:

"All parties to an action whose interests will be affected by a reversal of the judgment appealed from must be made parties to the appellate proceeding." (*John v. Paullin,* 24 Okla. 636, 104 Pac. 365.)

And this, too, although Bateman thereafter waived his right to suggest amendments, consented that the case-made be settled without notice, and waived issuance and service of summons in this court. *Bank v. Mergenthaler, etc., Co.,* 31 Okla. 533, 122 Pac. 507. Dismissed.

All the Justices concur.