## MESSMORE *et al.* v. GIVEN.

No. 5056.    Opinion Filed November 25, 1913.

Rehearing Denied February 3, 1914.

(138 Pac. 153.)

**APPEAL AND ERROR—Dismissal—Case-Made.** The original case-made having been signed and settled within time and filed with the clerk of the trial court but not attached to the petition in error, held that the proceeding in error will be dismissed.

(a) Since the going into effect of the Revised Laws of Oklahoma 1910, to wit, on May 16, 1913, only the original case-made may be attached to the petition in error.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action between Eli Messmore and others and C. Given. From the judgment, Messmore and others bring error. Dismissed.

*B. F. Van Dyke,* for plaintiffs in error.

*J. A. Powers* and *Shartel, Keaton & Wells,* for defendant in error.

WILLIAMS, J.   Defendant·in error moves to dismiss this proceeding in error on the ground that the case-made was not filed with the clerk of the district court before it was attached to and filed with the petition in error in this court.   This was essential.   *Hope v. Peck,* 38 Okla. 531, 134 Pac. 33.

From an examination of the case-made attached to the petition in error and affidavits filed herein, it appears that on August 27, 1913, the case-made was signed and settled in duplicate by the trial judge; each copy being attested by the clerk of the district court, one being delivered to him and his file mark placed thereon, and the other duplicate copy, without being delivered to the said clerk or his file mark placed thereon, being attached to the petition in error herein.

It is insisted by counsel for defendant in error that the copy filed with the clerk of the trial court shall be considered not as an original but as a copy of the original, and the copy attached to the petition in error herein be treated as the original, and that therefore, the original copy not having been filed in the court below, the proceeding in error should be dismissed.   Our attention is called to the case of *Abbott v. Rodgers,* 35 Okla. 189, 128 Pac. 908, wherein it is said:

"Counsel for defendant in error moves to dismiss this proceeding in error for the reason that neither the case-made attached to the petition in error nor a copy thereof was filed with the papers in the case below.   *   *   *   Under the authority of *   *   *   the motion must be sustained."

The syllabus of said case is as follows:

"The case-made attached to the petition in error, or a copy thereof, not having been filed with the papers in the case in the court below, the same is a nullity and cannot be considered in this court, for the purpose of reviewing matters complained of in the trial court."

In that case neither an original nor a copy had been filed in the trial court, and, when the syllabus is read in the light of the body of the opinion, it is obvious that this court did not determine as to whether the filing of a copy of the case-made in the trial court was sufficient.   In the case at bar, however, the copy that was filed in the trial court is an original.   *Reeves &*

*Co. v. Martin,* 20 Okla. 558, 94 Pac. 1058. But that original copy attached to the petition in error was not filed with the papers in the court below, nor was the duplicate original that was filed with the clerk of the trial court. Prior to the adoption of Rev. Laws 1910, to wit, on May 16, 1913, it was permissible to attach a copy with the petition in error. *St. L. & S. F. R. Co. v. Messenger et al.,* 26 Okla. 590, 110 Pac. 893. But since May 16, 1913, only the original may be attached to the petition in error for the purpose of the commencement of a proceeding in error in this court. See sections 5240 and 5242, Rev. Laws 1910.

It is a matter of regret that the proceeding in error must be dismissed, resulting evidently from the confusion of the practice from the adoption of the new Code. But this is a statutory right, which the defendant in error may avail himself of, and, having so done, this court is without any discretion in the matter, as these preliminaries are jurisdictional. The proceeding in error is dismissed.

All the Justices concur.