## OKLAHOMA LAND CO. *et al.* v. THOMAS *et al.*

No. 5155. Opinion Filed August 11, 1914.

(142 Pac.. 801.)

STATUTES—Construction—Retroactive Operation—Appeal. Section 2 of chapter 39, Sess. Laws 1910-11, p. 70, in part reads: "Provided, that this act shall not be construed to repeal, * * * nor to affect any pending proceedings or any existing rights or remedies * * * but all such * * * pending proceedings, and existing rights and remedies shall continue and exist in all respects as if this act had not been passed." The record shows that the judgment was rendered in this case on May 1, 1913. Section 5240, Rev. Laws 1910, changing the manner of appeal, took effect subsequent to the rendition of the judgment .in the trial court, and while said cause was pending. Held, that by virtue of section 2 of chapter 39, Sess. Laws 1910-11, supra, said section 5240, Rev. Laws 1910, supra, did not apply and govern the procedure on appeal in this case. Hence the motion to dismiss the appeal is denied.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action between the Oklahoma Land Company and others and John R. Thomas and others. From the judgment, the land company and others bring error. Motion to dismiss overruled.

See, also, 34 Okla. 681, 127 Pac. 8.

*Gibson & Thurman,* for plaintiffs in error.

*Robert F. Blair,* for defendants in error.

RIDDLE, J. The judgment sought to be reviewed by this proceeding was rendered on May 1, 1913. On said day notice of appeal was given by plaintiffs in error, and 30 days were allowed within which to prepare and serve case-made. The case-made was prepared and certified to by the court reporter on the 13th day of May, 1913. Defendants in error have filed their motion to dismiss this proceeding, and for grounds therefor state: (1) That petition in error in this case was filed in this court on May 26, 1913, and there has not been attached to said petition in error the original case-made; (2) that said pretended case-made bears no indorsement purporting to show that it was filed in the office of the clerk of the trial court, and for that reason the same is a nullity. This motion is resisted, upon the ground that the statute relied upon by defendants in error took effect on May 16, 1913, and that, the judgment having been rendered prior thereto, the law in force on the date the final judgment was rendered governs the procedure, etc., for prosecuting proceedings to this court; that, under the law in force on the date of the rendition of the judgment, proceedings in error could be prosecuted by attaching a certified copy of the case-made on file in the trial court; that a certified copy of the case-made is attached to the petition in error, which shows that the original case-made is on file with the papers in the case in the trial court, and hence the motion to dismiss should be denied.

Section 6074, Comp. Laws 1909, reads:

"The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case

and amendments shall be submitted to the judge who shall
settle and sign the same, and cause it to be attested by the clerk,
and the seal of the court to be thereto attached. It shall then
be filed with the papers in the case. A certified copy thereof
shall be filed with the petition in error. * * *"

From an examination of the certified copy of the case-made
attached to the petition in error, it appears from the clerk's cer-
tificate that the original is on file in his office, and that the same
was filed May 22, 1913, and that the one attached to the petition
in error in this court is a true and complete copy of the original,
with the seal attached. This seems to be a compliance with the
law in force on the date of the rendition of the judgment therein.
It is unquestionably the general rule of construction that the right
of appeal is governed by the provisions of the law applicable
thereto in force at the time the judgment is rendered. And, ex-
cept where it is provided that a statute which gives, takes away,
or modifies the remedy by appeal shall not apply to actions which
are pending, the statute applies to cases commenced before, but
in which judgment is not rendered until after, it goes into effect;
and when it is evident from the terms of the statute which
gives, takes away, or modifies the remedy by appeal that it
was intended to have a retroactive effect, it applies only to cases
pending and undetermined at the time it goes into effect, and
has no application to cases in which judgments have been ren-
dered prior to that time. *Rolater v. Strain*, 31 Okla. 58, 119
Pac. 992; *Sipes v. Dickinson*, 122 Pac. 316; *Muskogee Elec. Tr.
Co. v. Mueller*, 39 Okla. 63, 134 Pac. 51.

Section 2 of chapter 39, Sess. Laws 1910-11, p. 70, which
was an act adopting Rev. Laws 1910, reads:

"All general or public laws of the state of Oklahoma not
contained in said revision are hereby repealed. *Provided*, that
this act shall not be construed to repeal, or in any way affect any
special or local laws, or any appropriation, special election, vali-
dating act or bond issue thereby authorized, nor to affect any
pending proceedings or any existing rights or remedies, nor the
running of the statute of limitations in force at the time of the
approval of this act; but all such local and special laws, appro-
priations, special elections, validating acts, bond issues, *pend-
ing proceedings,* and existing rights and *remedies* shall continue

and exist in all respects as if this act had not been passed; provided, further, that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature, which convened in January, 1910." (Italics ours.)

It is clear from the section last quoted that it was not the intention of the Legislature that the amending section 5240, Rev. Laws 1910, relied upon by defendants in error, should apply to or affect cases pending at the date of the approval of said act, which must be construed to mean on the date said act went into effect. Under the general rule of construction, section 5240, without the proviso contained in section 2, ch. 39, *supra,* would not apply to the present case, for the reason the judgment sought to be reviewed was rendered prior to the date said law took effect. Defendants in error, however, rely upon the case of *Messmore et al. v. Givens,* 40 Okla. 369, 138 Pac. 153, and it is their contention that this decision is conclusive in their favor, and, if adhered to, their motion to dismiss must be sustained. We decline to give the decision of the court in that case the construction contended for. From an examination of the case-made filed in that case, being case No. 5056, the record shows that it was filed with the clerk of this court on April 29, 1913. The exact date it was settled and approved by the trial court is not shown. It does show that service of same was accepted on the 9th day of April, 1913. The certificate of the judge, however, bears the blank day of February, 1913. The justice writing that opinion was in error in saying that no case-made was approved and settled on the —— day of August, 1913. It is very clear that it was filed and the proceeding was pending in this court long before the provisions of Rev. Laws 1910, relied upon by defendants in error, took effect. Therefore this point could not have been involved in that case, and what was said there, so far as this point is concerned, is mere dictum. From the language used in the opinion in that case, it is not clear just what Justice Williams meant to hold, yet it would appear that he understood that an original duplicate of the case-made was filed in this court, but that same was never filed with the papers

in the case in the court below, and was a nullity so far as being ·a case-made or a certified copy thereof, and hence conferred no jurisdiction upon this court. Justice Williams uses the following language:

"In the case at bar, however, the copy that was filed in the trial court is an original. *Reeves & Co. v. Martin*, 20 Okla. 558 [94 Pac. 1058]. But that original copy attached to the petition in error was not filed with the papers in the court below, nor was the duplicate original that was filed with the clerk of the trial court."

We, therefore, conclude and hold that section 5240, Rev. Laws 1910, insofar as it changes the procedure in prosecuting proceedings in error to this court, does not apply or affect pending proceedings or existing rights and remedies, but that all of such continue in all respects as though said act had not been passed.

Plaintiffs in error further urge, in answer to the motion, that the filing of the petition in error in this court and waiver of summons in error would have the effect to confer jurisdiction upon this court, even if it should be held that a certified copy of the case-made is insufficient. It is unnecessary to determine this point, in view of the conclusion we have reached on the first point presented.

For the foregoing reasons, the motion to dismiss is overruled.

All the Justices concur.