## CREEK REALTY CO. v. CITY OF MUSKOGEE *et al.*
## SHAW v. SAME.

Nos. 5500, 5501.   Opinion Filed November 23, 1915.

(153 Pac. 180.)

1. **APPEAL AND ERROR—Case-Made—Filing of Certified Copy—Right.** A proceeding in error filed in this court, wherein it is sought to review a judgment of a lower court rendered since the adoption of Revised Laws 1910, on May 16. 1913, prosecuted by case-made, and not by a transcript of the record, can only be brought by filing with the petition in error the original case-made filed in the court below, and not by filing a certified copy thereof, as was formerly permissible under section 6074, Comp. Laws 1909.

2. **SAME—Presentation for Review—Filing of Original Case-Made—Dismissal.** As provided in section 5240, Rev. Laws 1910, "in all actions hereafter instituted by petition in error in the Supreme * * * Court, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court." Where this is not done within the time fixed by statute, this court is without jurisdiction to review the judgment complained of.

3. **SAME—Case-Made—Correction of Error.** A plaintiff in error who seeks the reversal of a judgment rendered since the going into effect of the Revised Laws of 1910, on May 16, 1913, but who attaches to the petition in error a certified copy, instead of the original case-made, as provided for in section 5240, Rev. Laws

1910, cannot, more than two years from the rendition of such judgment, amend by substituting in this court the original for the certified copy of the case. Nor does the fact that counsel for defendants in error have consented that the same may be done affect the rule. Jurisdiction cannot be thus conferred.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Suits by the Creek Realty Company and by John R. Shaw against the City of Muskogee, City Clerk of the City of Muskogee, and County Treasurer and Board of County Commiss.oners of Muskogee County. From an order in each of said cases sustaining a demurrer to the first, second, and fourth paragraphs of plaintiffs' petitions, plaintiffs bring error. Dismissed.

*Charles A. Cook,* for plaintiffs in error.

*S. V. O'Hara, James C. Davis,* and *W. E. Disney,* for defendants in error.

*W. L. Cunningham, amicus curiae:*

SHARP, J. On the 19th day of April, 1913, plaintiffs instituted their separate suits in the superior court of Muskogee county to enjoin the levy and collection of taxes upon property within street improvement district No. 129 of the city of Muskogee, which taxes were, at the time of the institution of plaintiffs' suits, about to be levied and collected to pay for said street improvement. Plaintiffs' petitions each set forth five separate causes of action. In each case separate demurrers thereto were filed by the defendants, the county treasurer and board of county commissioners, and by the city of Muskogee and the clerk thereof. Hearing being had on July 15th following, the demurrers to the first, second, and fourth causes of action set forth in each of the petitions were sustained, and as

to the third and fifth causes of action, were overruled. To the court's action in sustaining the defendants' demurrers to the first, second, and fourth causes of action each of the plaintiffs excepted, and obtained an extension of time within which to make and serve a case-made for appeal, service of which was accepted by opposing counsel on August 18, 1913. The right to suggest amendments and notice of the settlement of the case-made being waived, the same was settled by the trial judge on the day following. On August 22, 1913, there was filed in this court in each of the cases a petition in error, to which was attached a copy of the case-made, certified by the clerk of the superior court of Muskogee county. While the appeals are taken from orders sustaining a demurrer, they have been prosecuted by case-made alone, and not by a certified transcript of the record.

Prior to the adoption of the Revised Laws of 1910, on May 16, 1913, in appeals prosecuted by a case-made, it was provided that a certified copy of the case-made could be filed with the petition in error. Section 4444, Stat. 1893; section 4741, Wilson's Rev. & Ann. Stat. 1903; section 6074, Comp. Laws 1909; *St. Louis & S. F. R. Co. v. Messenger, Clerk, et al.*, 26 Okla. 590, 110 Pac. 893. In the Revised Laws of 1910, in force on the date of hearing on the demurrers, the provision common to the earlier statutes, that a certified copy of the case-made should be filed with the petition in error, was omitted. By section 5240, Rev. Laws 1910, it is provided:

"In all actions hereafter instituted by petition in error in the Supreme or other appellate court, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court."

This statute was under review in *Messmore et al. v. Given,* 40 Okla. 369, 138 Pac. 153, and *Oklahoma Land Co. v. Thomas,* 43 Okla. 217, 142 Pac. 801; and in the former case it was held that since the going into effect of the Revised Laws of 1910, on May 16, 1913, only the original case-made may be attached to the petition in error. The judgments from which the appeals were prosecuted having been rendered since the adoption of the new statute, the appeal should and must be prosecuted under the law in force at the time. While the action of the court in sustaining the defendant's demurrer could properly have been reviewed on the record without a case-made *(Hess v. Harrah,* 28 Okla. 627, 115 Pac. 790), yet, plaintiffs not having elected to bring up the record by transcript, but by case-made, and having failed to comply with the requirements of the statute, this court is without jurisdiction to consider the errors assigned.

On September 2, 1915, plaintiffs in error filed in this court their motion for leave to withdraw the certified copies of the case-made, and in lieu thereof file with the petition in error the original case-made in each of said cases. This request, being made more than six months after the rendition of the final judgment in the trial court, must be denied. The amendment proposed is not one of form only, but of substance. Without it there is no case-made to amend. The proposed amendment, or substitution of the original case-made, is not an amendment of a defective case-made, or the supplying of an omission, but, in effect at least, the filing of a new case-made. *Couse v. Phelps,* 11 Kan. 456; *Crawford v. Kansas City, F. S. & G. Ry. Co.,* 45 Kan. 474, 25 Pac. 865; *Hall v. Houpt,* 6 Kan. App. 921, 51 Pac. 918; *Vanhorn v. Vanhorn,* 74 Kan. 891, 88 Pac. 62. It proposes an amendment

in order to confer jurisdiction.    This cannot be done, as
was held in *Gripton v. Jones et al.* (Kan. App.), 53 Pac.
789, where it was said:

"Amendments for the purpose of showing that the
court has jurisdiction are permissible, but amendments
for the purpose of conferring jurisdiction are not per-
missible."

Nor can the stipulation signed by counsel for defend-
ants in error, attached to plaintiff's motion, that the ap-
peals prosecuted in the cases under consideration be con-
solidated with the appeal in the case of *E. C. Alley v. City
of Muskogee et al.* (not yet officially reported), 156 Pac.
315, and that counsel for plaintiffs in error be given permis-
sion to withdraw the certified copies of the case-made in
said first-mentioned causes, and attach to the petitions in
error the original cases, on file, it is said, in the office of
the clerk of the superior court of Muskogee county, afford
plaintiffs in error any relief.    Counsel cannot by stipula-
tion of the character and date involved confer jurisdic-
tion on this court to entertain and determine the appeals.
*K. C., M. & O. Ry. Co. v. Williams,* 33 Okla. 202, 124 Pac.
63; *Gwinnup v. Griffins et al.,* 34 Okla. 117, 124 Pac.
1091; *American National Bank of McAlester et al. v.
Mergenthaler et al.,* 31 Okla. 533, 122 Pac. 507; *Middleton
et al. v. Escoe et al.,* 35 Okla. 646, 130 Pac. 905; *Roberts
et al. v. Seals,* 43 Okla. 467, 143 Pac. 199.

The motions of plaintiffs in error are therefore de-
nied, and the proceedings in error dismissed.

All the Justices concur.