## CHICAGO, R. I. & P. R. CO. v. McGILL.

No. 6824—Opinion Filed Jan. 9, 1917.

(162 Pac. 705.)

(Syllabus by the Court.)

**Statutes—New Provisions in Code—Force.**

Subdivision 9 of section 5033 of the Harris-Day Code (Rev. Laws 1910), being a new provision, is not applicable to cases pending at the time of adoption and approval of said Code by the Legislature.

Error from County Court, Grant County; J. W. Bird, Judge.

Action by F. F. McGill against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Motion to dismiss the proceeding in error sustained.

C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, and K. W. Shartel for plaintiff in error.

Sam P. Ridings, for defendant in error.

KANE, J. The petition in the main cause was filed in the court below on the 28th day of May, 1912. The cause was tried in May, 1913, and resulted in a verdict in favor of the plaintiff. On the 14th day of May, 1913, a motion for new trial was filed, which was subsequently overruled, and defendant granted time to prepare and serve case-made for the Supreme Court. Thereafter the defendant requested the court stenographer to prepare a case-made, and filed a supersedeas

bond for the proper amount. The stenographer in pursuance of directions from counsel for defendant prepared a case-made and mailed the same to counsel, but the same was lost in transit, and never received. Thereafter, on the 17th day of December, 1913, the defendant filed a petition for a new trial, setting up as grounds therefor the ninth subdivision of section 5033, Rev. Laws 1910, which allows a new trial, "when, without fault of the complaining party, it becomes impossible to make case-made." The defendant supported his petition by evidence tending to show the impossibility of making a case-made, through no fault of its own, or its attorneys, which evidence was met by contradictory evidence on the part of plaintiff. The trial court, after hearing the evidence, denied the petition for new trial, and it is to review this latter action that this proceeding in error was commenced.

The cause now comes on for hearing upon the motion of the defendant in error to dismiss the proceeding in error commenced by the defendant upon the ground, among others, that the ninth subdivision of section 5033, Rev. Laws 1910, which, as stated in a note to that section, was incorporated in the Harris-Day Code for the purpose of covering such instances as the death of the court reporter, as in Butts v. Anderson, 19 Okla. 367, 91 Pac. 906, is not applicable to this proceeding, for the reason that it was pending at the time of the adoption of the Harris-Day Code.

This position seems to us to be well taken. Section 2 of the act adopting the Revised Code of Laws (Sess. Laws 1910-11, c. 39), prepared under the authority and directions of the Legislature by Samuel H. Harris and Jean P. Day, provides as follows:

"All general or public laws of the state of Oklahoma not contained in said revision are hereby repealed: Provided, that this act shall not be construed to repeal, or in any way affect any special or local laws, or any appropriation, special election, validating act or bond issue thereby authorized nor to affect any pending proceeding or any existing rights or remedies, nor the running of the statute of limitations in force at the time of the approval of this act; but all such local and special laws, appropriations, special elections, validating acts, bond issues, pending proceedings, and existing rights and remedies shall continue and exist in all respects as if this act had not been passed. * * *"

In Oklahoma Land Co. v. Thomas, 43 Okla. 217, 142 Pac. 801, it was held:

"Section 2 of chapter 39, Sess. Laws 1910-11, p. 70, in part reads: 'Provided that this act shall not be construed to repeal. * * * nor to affect any pending proceedings or any existing rights or remedies, * * * but all such * * * pending proceedings, and existing rights

and remedies shall continue and exist in all respects as if this act had not been passed.' The record shows that the judgment was rendered in this case on May 1, 1913. Section 5240, Rev. Laws 1910, changing the manner of appeal, took effect subsequent to the rendition of the judgment in the trial court, and while said cause was pending. Held, that by virtue of section 2 of chapter 39, Sess. Laws 1910-11, supra, said section 5240, Rev. Laws 1910, supra, did not apply and govern the procedure on appeal in this case."

In the case at bar, as we have seen, the case was pending in the trial court upon a motion for new trial at the time of the adoption of the Harris-Day Code on the 16th day of May, 1913. As subdivision 9 of section 5033, supra, was not a part of our remedial law until after the adoption of the Code, it cannot be invoked in the case at bar, for the reason that it would affect a pending proceeding which section 2, supra, provides shall "continue and exist in all respects as if this act had not been passed."

For the reasons stated the motion to dismiss is sustained.

All the Justices concur.