## EVELAND v. CAMPBELL.

No. 18874. Opinion Filed Jan. 31, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

1. **Appeal and Error—Appeal by Case-Made —Necessity for Filing Original Filed in Court Below.**

Proceedings in error filed in this court wherein it is sought to review judgment of the lower court, prosecuted by case-made and not by a transcript of the record, can only be brought by filing with the petition in error the original case-made filed in the court below.

2. **Same—Lack of Authentication to Case-Made—Withdrawal for Correction not Permissible After Expiration of Time for Appeal.**

Where the case-made is not certified and signed by the trial court and contains no certificate of the clerk certifying to the same as a transcript, the Supreme Court, after the expiration of the time allowed for filing petition in error, is without jurisdiction to permit a withdrawal of the same for the purpose of having the same duly authenticated or to permit the filing of a duly authenticated case-made.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action between Charles Eveland and Oscar E. Campbell. From the judgment, the former appeals. Dismissed.

E. R. Powers, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

PER CURIAM. Judgment was rendered in this cause in the trial court on the 28th day of January, 1927. Motion for new trial was filed and on the 6th day of June, 1927, by the court overruled. Notice of appeal was given in open court and time given in which to make and serve case-made. Case-made was duly served and presented to the trial court, who on the 21st day of October, 1927, settled and signed the same and the signature of the trial judge thereto attested by the clerk of the trial court, the seal of the court affixed and the case-made as signed and settled by the trial judge was filed with the papers in the case on the 22nd day of October, 1927. Incorporated within the case-made is a certificate of the court clerk certifying to the same as a transcript of the record proper.

On October 31, 1927, the plaintiff in error filed in this court his petition in error to which was attached a purported carbon copy of the case-made filed with the papers in the case in the office of the clerk of the trial court except that such carbon copy did not bear the signature of the trial judge to the certificate settling the case-made or the signature of the clerk certifying to the same as a transcript, nor was such carbon copy filed in the office of the clerk of the trial court. On December 8, 1927, the plaintiff in error presented to the clerk of this court the original case-made as filed in the office of the clerk of the trial court to be

substituted for the carbon copy attached to the petition in error and filed herein on October 31, 1927, which said original was thereafter received by the clerk of this court and filed on January 19, 1928.

Section 783, C. O. S. 1921, provides that in all actions hereinafter instituted by petition in error in the Supreme or other appellate courts, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court. This court in construing the language of this section in the case of Creek Realty Co. v. City of Muskogee, 49 Okla. 413, 153 Pac. 180, said, "this statute was under review in Messmore v. Given, 40 Okla. 369, 138 Pac. 153, and Oklahoma Land Co. v. Thomas, 43 Okla. 217, 142 Pac. 801, and in the former case it was held that since the going into effect of the Rev. Laws of 1910 on May 16, 1913, only the original case-made may be attached to the petition in error. * * * Plaintiffs * * * having failed to comply with the requirement of the statutes, this court is without jurisdiction to consider the errors assigned," and laid down the following rule in the first paragraph of the syllabus thereof:

"A proceeding in error filed in this court, wherein it is sought to review a judgment of the lower court rendered since the adoption of Revised Laws 1910, on May 16, 1913, prosecuted by case-made, and not by a transcript of the record, can only be brought by filing with the petition in error the original case-made filed in the court below, and not by filing a certified copy thereof, as was formerly permissible under section 6074, Comp. Laws 1909."

The plaintiff in error on December 8, 1927, presented to the clerk of this court the original case-made filed in the trial court for substitution, but the time for filing the appeal in this court had expired on December 6, 1927, two days prior thereto. In the case of Creek Realty Co. v. City of Muskogee, supra, request was made to withdraw the certified copy of the case-made and in lieu thereof file with the petition in error the original case-made, and the court said:

"This request, being made more than six months after the rendition of the final judgment in the trial court, must be denied. The amendment proposed is not one of form only, but of substance; without it there is no case-made to amend. The proposed amendment or substitution of the original case-made is not an amendment of the defective case-made or the supplying of an omission, but in effect, at least, the filing of a new case-made."

The court said further:

"It proposes an amendment in order to confer jurisdiction. This cannot be done, as was held in Gripton v. Jones (Kan. App.) 53 Pac. 789, where it is said: 'Amendments for the purpose of showing that the court has jurisdiction are permissible, but amendments for the purpose of conferring jurisdiction are not permissible.'"

Plaintiff in error on January 14, 1928, filed in this court his motion for leave to withdraw case-made for the purpose of correcting the certificate of the trial judge settling the same and to correct the certificate of the clerk certifying to the same as a transcript. The purported certificate of the trial judge settling the case-made and the purported certificate of the clerk certifying to the same as a transcript are unsigned in the carbon copy filed with the petition in error, and therefore are not certificates and are a nullity and there is nothing to correct. The request, having been made more than six months after the rendition of the final judgment or order appealed from, must be denied, for the reason this court is without jurisdiction to permit an amendment to a proceeding, otherwise ineffectual, after the expiration of the time for appeal. Buell v. American Indemnity Co., 27 Okla. 95, 178 Pac. 884. For the reasons above set forth, the appeal in this cause is hereby dismissed.

Note—See under (1) 4 C. J. p. 377, §2046 (Anno). (2) 4 C. J. p. 496, §2242; anno. 30 A. L. R. pp. 721, 736; 5 R. C. L. Supp. p. 75.