## JARVIS et al. v. GOFORTH et al.

No. 19114.    Opinion Filed Sept. 25, 1928.

Neff & Neff, for Winnie Harjo.

A. M. Beets, for V. W. Miracle.

R. L. Gordon, Geo. S. Ramsey, Edgar A. DeMeules, Villard Martin, and T. G. Logan, for defendant in error Indian Territory Illuminating Oil Company.

PER CURIAM. The defendant in error Indian Territory Illuminating Oil Company has filed in this cause three motions to dismiss the appeal as to various parties plaintiff herein. One of these motions by said defendant in error is against the appeal of Winnie Harjo, nee Larney, Robert Hully, Ella Harjo, and Dick Palmer to dismiss their appeal as to defendant in error for the reason that the case-made fails to show that a motion for new trial was filed by these plaintiffs in error within three days after the verdict or decision was rendered as required by section 574, C. O. S. 1921. Upon application of the parties, the case-made filed in this cause has been withdrawn for correction under order of this court, and now shows such judgment was rendered on the 29th day of July, 1927, and a motion for new trial was filed on July 30, 1927, which was within the time required by section 574, supra, and for this reason this motion is denied.

The defendant in error Indian Territory Illuminating Oil Company has filed herein its motion to dismiss the appeal as to the plaintiffs in error Winnie Harjo, nee Larney, Robert Hully, Ella Harjo, Dick Palmer, and V. W. Miracle, as to movant, on the grounds and for the reason that said parties have not served case-made nor copy thereof upon the defendant in error Indian Territory Il-

luminating Oil Company. The record in this cause discloses case-made was served upon the Indian Territory Illuminating Oil Company by the plaintiff in error Jarvis, and there is attached thereto cross-petition in error by the parties against whose appeal this motion is directed. In the case of Title Guaranty & Surety Company v. Foster, 84 Okla. 291, 203 Pac. 231, this court held that:

"The filing of a cross-petition in error attached to * * * case-made previously filed in the Supreme Court to reverse or modify the judgment or final order * * * is the commencement of a proceeding in error in the Supreme Court at the instance of the party filing cross-petition in error," and "constitutes a cross-appeal, and * * * will not be dismissed because cross-plaintiff in error did not prepare, serve, and have settled a case-made and file same with his cross-petition in error. * * *"

And in the body of the opinion say that:

"The making, serving and filing of separate case-made would have uselessly incumbered the record"

—and for this reason this motion is denied.

The same defendant in error has directed a motion to dismiss the appeal of the plaintiff in error V. W. Miracle for the reason that the case-made shows there is no judgment rendered in the court below in favor of the Indian Territory Illuminating Oil Company as against the plaintiff in error V. W. Miracle. It appears from the record in this cause that V. W. Miracle became a party to this action upon his own motion to interplea. Thereafter, by stipulation, he dismissed his cause of action as to the Indian Territory Illuminating Oil Company, with prejudice. He became a party upon his own motion, dismissed his grievance by agreement, and ceased to be a party to the action, and the record is silent as to any judgment against him in favor of the defendant in error Indian Territory Illuminating Oil Company from which to appeal.

Under this state of the record, there is nothing before this court to review as to him. This motion is sustained, and the appeal of V. W. Miracle is hereby dismissed as to the defendant in error Indian Territory Illuminating Oil Company.