Eddie L. ALLISON, Adm'r, Plaintiff in Error,

v.

Joe ALLEN et al., Defendants in Error.

No. 37458.

Supreme Court of Oklahoma.

May 13, 1958.

Finch & Finch, Sapulpa, for plaintiff in error.

L. K. Pounders, Bristow, for defendant in error.

JACKSON, Justice.

This action was instituted in 1945 by John Caruthers to quiet title to 80 acres of land. His grantee, Joe Allen, intervened and proceeded as a party plaintiff. There were numerous defendants but all were eventually eliminated except Lula May Roberson, now deceased, who claimed to own the minerals under the 80 acres in controversy. Allen claimed the title in fee.

In the case of Allen v. Allison, Okl., 290 P.2d 410, this court affirmed the trial court in quieting the title to the minerals in Lula May Roberson, Deceased. In that case the trial court retained jurisdiction for the purpose of an accounting. After our decision became final the trial court conducted the accounting and the present appeal deals with alleged errors committed by the trial court in the accounting phase of the case. The only parties involved in this appeal are Joe Allen, plaintiff, and Eddie L. Allison as Administrator of the Estate of Lula May Roberson, Deceased, defendant and cross-petitioner.

In the quiet title action the trial court found that Roberson acquired her mineral interest in 1940, and that although her ownership of the minerals did not appear of record, Allen had knowledge of all relevant facts disclosing Roberson's ownership of the minerals at the time he received his conveyance in 1944.

At the trial on the accounting phase it developed that Allen, during the time he appeared as *record owner* of the fee, executed an oil and gas lease in favor of Toklan Royalty Corporation and Income Shares Corporation, hereinafter called Toklan, for an agreed bonus of $5,000. Two thousand five hundred dollars was paid to Allen in cash and the balance of $2,500 was placed in an escrow account and disposed of in the manner hereinafter shown. Production was obtained and the trial court ordered the purchaser of the oil to impound the proceeds from the sale of the oil until the further order of the court.

At the conclusion of the accounting trial the trial court ordered the impounded royalties ($5,145.47) paid to Roberson's Administrator, but refused to require Allen to account for the lease bonus which he had collected from Toklan. Roberson's Administrator has appealed from the judgment contending that Roberson was entitled to recover the bonus.

The trial court was of the opinion that since Allen had no title to the minerals his oil and gas lease to Toklan was ineffective, making Toklan a trespasser, so that Roberson's cause of action was against Toklan. There inheres in this reasoning

the further conclusion that the bonus paid to Allen was nothing more than a gratuity.

As between Allen and Roberson, Allen had record title to the minerals at the time he executed the oil and gas lease; therefore, because of the recording statutes, Allen was in a position to execute a valid oil and gas lease and by virtue of such position obtained the bonus money to which he was not entitled. Absent actual notice of Roberson's title Toklan obtained a valid lease. We think Allen became a constructive trustee of such fund for Lula May Roberson who was equitably entitled thereto.

In Richards v. Lowery, 135 Okl. 243, 275 P. 335, 337, the defendant therein, Richards, had purchased a minor's real property from the minor's guardian. While in possession of the property Richards leased the land for oil and gas purposes, but the leases expired and no drilling operations took place. Upon attaining majority the minor brought an action to recover the bonus money. Richards was ordered to account for the bonus money as a constructive trustee by reason of the constructive fraud of the guardian, of which Richards had notice. In the body of the opinion it was said:

> " * * * But whether bonus be termed a royalty, income, or what not, the bonuses secured from these leases were profits * * * acquired by Richards by the use of the trust estate, and by reason of the position he occupied. * * * Defendants' liability is not based on injury or detriment to the land, but is measured by rules of equity which prohibit one in such position from receiving a gain or profit by reason of his conduct and position."

We are of the opinion that Allen was obligated to account for the lease bonus.

As heretofore pointed out, the agreed lease bonus was in the amount of $5,000, $2,500 of which was deposited in an escrow account. From the escrow account, $500 was paid to Lessee's (Toklan's) attorney for defending Lessee's title in three separate law suits involving title to the minerals; $1,000 was returned to Lessee (Toklan) with no restrictions being placed upon its use. The $1,000 remaining in the escrow account was paid to Allen. Thus Allen received only $3,500 of the $5,000 that was originally agreed upon. Roberson's Administrator contends in this court that he was entitled to receive the entire $5,000.

Owing to the indefinite nature of the reasons for permitting Toklan to reclaim the $1,500, this contention would present a difficult question were it not for the fact that Roberson's Administrator apparently conceded in the trial court that Roberson was only entitled to $3,500. After the administrator proved that Allen received $3,500 he moved for judgment for $3,500. After the trial court determined that Allen was not required to account for the lease bonus, and entered judgment accordingly, the administrator "objected and excepted to the ruling of the court denying payment of the bonus money in the amount of $3,500.00." In our opinion the amount recoverable is limited to $3,500.00.

Allen argues that the cross-petition under which Roberson's administrator seeks recovery did not demand an accounting for the bonus, but only for the oil and gas produced from the land. It is true that Roberson's cross-petition for an accounting did not specifically contain the words "lease bonus." However, it is alleged that Allen was committing waste; had caused the property to be explored for oil and gas, and had caused large quantities of oil to be produced therefrom, and had appropriated the proceeds to his own use. The prayer was for an accounting for oil and gas produced and for waste, and for all other necessary and proper relief to which Roberson is entitled.

In the first paragraph of the syllabus in Lackey v. Quigley, 181 Okl. 492, 74 P.2d 927, it is held:

> "Equity, when once attached in a proper proceeding, will administer

complete relief on all issues properly raised by the evidence regardless of whether they were specifically raised by the pleadings."

We conclude that the cross-petition was sufficient to authorize a recovery for the oil and gas lease bonus in the sum of $3,500.

Allen further contends that the initial judgment affirmed by this court only ordered an accounting for the proceeds of the oil, gas and other mineral products taken from the property, and that such judgment could not be modified by the trial court in the accounting action, or by this court on appeal, so as to obligate him to account for the bonus.

An examination of the judgment entered by the trial court and affirmed by this court in Allen v. Allison, supra, reveals that the trial court found Roberson was entitled to an accounting with the amount due to be determined upon such accounting. The court ordered that jurisdiction be retained for the purpose of conducting an accounting "and the rendition of final judgment for the proceeds of the oil, gas and mineral products taken from said property by, through and under the direction of plaintiff" (Allen) * * *."

■ We are of the opinion that the foregoing judgment did not cut off Roberson's right to an accounting for the lease bonus. The question of whether she was entitled to the lease bonus was not an issue in the former trial, and that issue was not tried. Jurisdiction to conduct an accounting was specifically retained. We are convinced that the trial court had no intention of limiting the scope of the accounting. To so hold would be unjust where, as in this case, it is apparent that such issue was not presented to the court in the proceedings to quiet title and the court did not consider the question. See in this connection Kuchler v. Weaver, 23 Okl. 420, 100 P. 915; Gilbert v. Fast, 145 Okl. 94, 291 P. 968; Fickel v. Webb, 146 Okl. 16, 293 P. 206; and Missouri, K. & T. Ry. Co. v. City of Tulsa, 113 Okl. 21, 238 P. 452.

■ Allen's plea that Roberson's claim for bonus has been settled and liquidated by the lessee is without merit. The proof shows that Roberson's Administrator released the lessee, Toklan, from all liability because of their entry upon the land and for paying the lease bonus money to Allen. The release (of lessee) in no manner purports to release Allen from his liability. The liability of the lessee, if any, was not coextensive with that of Allen. Allen must account as a constructive trustee. Richards v. Lowery, supra.

■ Roberson's Administrator also contends that he is entitled to 6 per cent interest on the lease bonus money from the date Roberson's title was quieted in the trial court on November 6, 1952. The judgment quieting Roberson's title did not establish the amount of money to which she was entitled. The rule that a money judgment bears interest from date of judgment, as expressed in Trapp Associated v. Tankersley, 206 Okl. 118, 240 P.2d 1091, is not applicable to the judgment entered herein on November 6, 1952, wherein Roberson's title was quieted.

■ The trial court retained jurisdiction for the purpose of conducting an accounting to determine the amount due Roberson. When the accounting phase of the case was completed the trial court entered its judgment on February 16, 1956, denying the right to recover the lease bonus money, or any part thereof. In our view the amount to which Roberson was entitled was not certain, or capable of being made certain, until the evidence was presented on that question. In American Eagle Fire Ins. Co. v. Lively, 142 Okl. 246, 286 P. 797, 798, it is held in the third paragraph of the syllabus as follows:

"Interest cannot be recovered upon unliquidated damages, where it is necessary for a judgment or verdict to be had in order to ascertain the amount of the same."

In 23 O.S.1951 § 6, it is provided:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled

also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

Roberson's right to recover the lease bonus money became vested prior to February 16, 1956, but the amount to which she was entitled was not certain or capable of being made certain by calculation prior to that date. We therefore conclude that her administrator can only recover interest on the $3,500 from February 16, 1956.

Allen attempted to file a cross-appeal in this case. In his effort he caused a second case made to be prepared, settled and signed, and attached it to his cross-petition in error, wherein he alleges error by the trial court in allowing $1,091.27 in the judgment as interest on the impounded royalty proceeds.

The original, or first case-made, was settled and signed on July 18, 1956. It is certified as complete. Under 12 O.S.Supp. 1955, section 972, it is provided that all proceedings by case made for reversing, vacating or modifying judgments or final orders shall be commenced within twenty days from the date the case made is settled. Allen, the cross-petitioner, did not file his cross-petition in error and second case made until September 19, 1956, which is more than sixty days after the original, or first case made, was settled and signed.

■ In our opinion the statute contemplates only one case made. See in this connection Mee v. Corporation Commission, Okl., 293 P.2d 593; School Board of Dist. No. 4 of Coal County v. Yalch, 182 Okl. 605, 79 P.2d 223; City of Sapulpa v. Young, 147 Okl. 179, 296 P. 418; Jarvis v. Goforth, 133 Okl. 5, 270 P. 574; Cloud v. Young, 103 Okl. 65, 229 P. 604; Title Guaranty & Surety Co. v. Foster, 84 Okl. 291, 203 P. 231; and Messmore v. Given, 40 Okl. 369, 138 P. 153. The statute provides that *all* proceedings by case made for reversing, vacating, or modifying judgments shall be commenced within twenty days from the date the case made is settled. The prepara-

tion and settling of a second case made does not extend the time for filing the cross-petition in error in this court. Since the original, or first case made, was settled and signed on July 18, 1956, and Allen's cross-petition in error was not filed in this court until September 19, 1956, we conclude that this court does not have jurisdiction to consider the allegation of error set forth in Allen's cross-petition in error. Video Independent Theatres, Inc., v. Walker, Okl., 308 P.2d 958. The cross-petition and appeal of Joe Allen is hereby dismissed.

The judgment of the trial court, insofar as it denies the administrator of the estate of Lula May Roberson, deceased, recovery for the lease bonus money in the sum of $3,500 is reversed, with directions to increase the judgment in favor of the administrator of said estate, Eddie L. Allison, in the sum of $3,500, with interest thereon at 6 per cent from February 16, 1956.

CORN, V. C. J. and DAVISON, JOHNSON and CARLILE, JJ., concur.

WILLIAMS, J., concurs in part and dissents in part.